Fraker v. Brazelton.

WM. A. FRAKER v. GREEN BRAZELTON.

1. SPECIFIC PERFORMANCE. *After-acquired title.* A vendee, in the ab-
sence of fraud, will be required to accept an ·after-acquired title if
presented to the court at any time before a final decree of rescission
is actually enrolled and signed.

2. DECREES. *Power of court over.* A decree, before enrollment and sign-
ing the minutes, is not binding on the court or parties. It is in the
breast of the court, and if the chancellor die before its enrollment
and signing the minutes, the cause would remain on the hearing
docket for trial. Until the final adjournment of the court, a decree
not enrolled and signed, is under· the entire control of the court and
subject to rescission, correction, or entire change.

3. COSTS. Where the party's negligence causes the litigation and pro-
longs it, he will be taxed with the costs.

FROM FRANKLIN.

Appeal from the Chancery Court at Winchester.
JNO. W. BURTON, Ch.

FITZPATRICK, GREGORY & DAVIS for complainant.

SIMMONS & MARTIN for defendant.

TURNEY, J., delivered the opinion of the court.

In March, 1866, complainant purchased of Green Brazelton a tract of 164 acres of land in Franklin county, at the price ·of $2,500 cash, and $500 evidenced by note, due December 25, 1867.

On September 11, 1869, Fraker sold to J. C. H. Sawyers, receiving in payment a tract of land in Knox county and two notes, one for seven hundred dollars, due December 25, thereafter, and one for eight hundred dollars, due December 25, 1870. The title bond provides as to the first note, "which said note said Sawyers' is not compellable to pay until title shall be made to about sixty-four acres of said land on which the Bank of Charleston, S. C., claims to have a lien, and which is now in litigation in the chancery court at Winchester, between said bank and Brazelton, said note drawing interest however from its maturity. This provision occurs on the face of both notes, except in the $800 note, no provision is made for the payment of interest.

On February 29, 1872, Sawyers conveyed in trust for the benefit of creditors such interest as he had acquired in the land. In March, 1868, Brazelton sued Fraker for balance claimed to be due on a note for $178.20. Subsequently Fraker filed. the original bill against Brazelton, the bank and others, asking for a specific performance of his contract with Brazelton, and that his vendor's lien he enforced against Sawyers. Sawyers answers, and files a cross-bill, in which he

maintains that neither Brazelton nor Fraker is in condition to make title to 64 acres of the land, and prays for a rescission *pro tanto*, and that his notes for $1,500 be cancelled.

By consent the law cause of *Brazelton* v. *Fraker* was suspended, and the papers transferred to chancery. The chancellor rescinded the contract between Brazelton and Fraker, and also the one between Fraker and Sawyers. Therefore Brazelton files what is nominated in the record, a petition to rehear, stating that the litigation with the bank has been terminated, and the lien on the 64 acres renewed, and presenting a deed with proper covenants, and filing evidences of the payment to the agent of the bank of the amount due it by E. A. J. Brazelton and C. W. Duncan, who had taken a deed from the agent acting under power of attorney, and asking that a decree carrying out the contract be made. The petition was filed after a decree had been announced, but before it was entered of record·

The chancellor dismissed the petition, the Commission of Referees recommend an affirmance, and the entire case is before us on exceptions.

The rule is, that a vendee will, in the absence of fraud, be compelled to accept an after-acquired title of the vendor if presented before the final decree of rescission. While in this case the chancellor had announced the decree, still none had been entered and signed. It was still in the breast of the court, and there was nothing of binding force in any sense upon the chancellor or the parties. If the chancellor had died or resigned before the enrollment of a decree, the

case would have remained on the docket for trial. The law recognizes nothing as an order or decree until it is upon the minutes of the court. Even though the decree had been entered and signed, the court not having adjourned, it was still under the control of the court, subject to his revision, correction or entire change in every particular, Here it seems that Brazelton was of opinion that he need not tender title until he was paid the purchase-money, as he might very naturally be under the terms of his bond to make title when the purchase-money was paid, and while he was mistaken in the rule of law governing in proceedings for specific performance, still there is no evidence of bad faith, and no result materially injuring the interests of any of the parties.

We are therefore of opinion the contracts should be specifically performed, and out of the purchase-money due from Fraker. A. J. Brazelton and Duncan will be reimbursed the amount advanced to relieve the 64 acres from the lien of the bank. That Fraker have a decree for the amount of his notes with in-interest on Sawyers. The land was sold as one tract, and the lien of Fraker extends to the whole. After he is paid the creditors of Sawyers are entitled to the remainder after the payment of the costs of this court.

As the negligence or mistake of Brazelton brought about the litigation, and prolonged it, he will pay the costs of the chancery court, including the costs of the suit at law, Exceptions to report are allowed, decree reversed, and cause remanded to ascertain balance due from Fraker, and for other necessary proceedings.