GILLESPIE *v.* MARTIN *et al.*

GAUNTLEY *v.* SAME.

(*Knoxville,* September Term, 1937.)

Opinion filed Oct. 19, 1937.

JOE FRASSRAND and J. W. LEE, both of Chattanooga, for plaintiffs in error.

JOE BROWN, of Chattanooga, for defendants in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The two above-entitled suits were instituted to recover damages for personal injuries alleged to have been sustained by plaintiffs when a hotel alleged to have been owned by defendants caught fire and burned, at a time when they were guests therein.

On the trial, at the conclusion of all the evidence, the

trial judge sustained the motion of defendants for a directed verdict in their favor, and the suits were dismissed. Plaintiffs seasonably moved for a new trial, which motions were overruled by the court on August 24, 1936. The following provision is contained in the order overruling the motions for a new trial: "Upon application, plaintiffs are allowed 60 days time within which to prepare and file bill of exceptions and otherwise perfect their appeal."

The bill of exceptions was not filed within the sixty days' time allowed in the order. It was not filed until November 4, 1936. However, on October 22, 1936, after the expiration of the term of court at which the order of August 24, 1936, was entered, allowing the sixty days' time within which to file a bill of exceptions, the following order was entered:

"In these causes the motion for a new trial was overruled and the Court, upon application of the plaintiff, allowed sixty days from the adjournment of the Court to file his bill of exceptions, pauper's oath or appeal bond, and the Clerk in putting down said order, inadvertently wrote the said order so as to read 60 days from the date said motion for a new trial was overruled; and now, by order of the Court, the former order entered August 24th, 1936, be and the same hereby is corrected so as to allow the plaintiff 60 days from adjournment of the then term of Court to file his bond or pauper's oath and bill of exceptions, which term expired on the 5th day of September, 1936.

"This order is entered now for August 24th, 1936."

The Court of Appeals sustained defendant's motion to strike the bill of exceptions because the trial judge was without authority to modify the original order, as

was attempted by the order of October 22, 1936, above quoted, after the expiration of the term of court at which it was made, and affirmed the judgment of the trial court.

Plaintiffs have filed their respective petitions for writs of *certiorari* and assigned errors.

The one question presented here is whether or not the order of October 22, 1936, undertaking to alter the order of August 24, 1936, with respect to the time that the sixty days allowed for the filing of a bill of exceptions should start to run, is a valid order.

Sections 8721 and 8722 of the Code are as follows:

"Any court of record may, at any time within twelve months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend."

"Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

It must be observed that the order here in question recites a mistake made by the clerk, and specifically recites that the purpose of the order is to correct that mistake. It is apparent, as held by the Court of Appeals, that there is nothing on the face of the record, or in the entries of the trial judge, or in the papers of the cases, by which the order made at the trial could have been amended or corrected.

It has frequently been held by this court that the jurisdiction of a court to correct mistakes under the above statutes does not exist at common law, and

32

that in making corrections the judge is exercising a special jurisdiction, and that it is therefore essential to the validity of the order that it should show the jurisdictional facts that the error was apparent on the record, or from the papers in the case, or from the minutes or entries of the trial judge, and that, if these essential requisites do not appear in the order making the correction, such order is a nullity. *Scopes* v. *State,* 152 Tenn., 424, 429, 278 S. W., 57; *Upchurch* v. *State,* 153 Tenn., 198, 281 S. W., 462; *Justus* v. *State,* 130 Tenn., 540, 172 S. W., 279; *Southern Continental Tel. Co.* v. *Alley,* 167 Tenn., 561, 72 S. W. (2d) 555.

The authorities cited in the brief for petitioners have application to *nunc pro tunc* judgments or orders. Such orders embrace cases of omission to enter judgments or orders when actually made, but not entered. The general rule is that to justify a *nunc pro tunc* order there must exist some memorandum or notation found among the papers or books of the presiding judge, and a *nunc pro tunc* order will not be valid unless there is some such memorandum showing what judgment or order was actually made and these jurisdictional facts recited. *Rush* v. *Rush,* 97 Tenn., 279, 283, 37 S. W., 13. In the instant case there is no writing or memorandum to be found in the record showing that the trial judge granted petitioners sixty days from the adjournment of the term within which to file a bill of exceptions. Hence, there could have been no valid basis for an order *nunc pro tunc,* just as there was no mistake or omission apparent from the record to justify the trial judge in entering the order of October 22, 1936.

Petitioners have filed a motion for diminution of the record so as to show that the order of October 22,

1936, was entered with the approval of the attorneys for the respective parties. The certified copy of the order exhibited shows the following at the end of the order:

"O. K.

"Joe Frassrand, Atty. for Pltf. Brown."

The decree in question does not purport to be a consent decree. The appearance of the symbol "O. K." at the end of the order, signed by counsel, has no significance other than to indicate approval of counsel to the form of the draft of the written order as correctly expressing the action of the court, and does not indicate that the order was a consent order. *Lawson* v. *Laundry Machinery Co.*, 165 Tenn., 180, 54 S. W. (2d), 712. However, this court must pass on the same record as was before the Court of Appeals. The motion must be disallowed.

The result is that both petitions for *certiorari* must be denied.