BURKETT *v.* BURKETT.

(*Jackson,* April Term, 1951.)

Opinion filed December 14, 1951.

166

HOLMES & HOLMES and MISS MOZELLE CROUSE, all of Trenton, for complainant.

L. L. HARRELL and ROBERT P. ADAMS, both of Trenton, for defendant.

PER CURIAM.

After a hearing on oral evidence, the Trial Court granted the husband's petition for divorce on the ground of wilful desertion by his wife for two whole years preceding institution of the suit. On Mrs. Burkett's appeal, with assignments of error based on the evidence, the judgment in favor of the husband was affirmed by the Court of Appeals after the husband's motion to strike the bill of exceptions was sustained.

One of the grounds assigned in support of the husband's motion to strike the bill of exceptions was that this instrument did not affirmatively show that it was signed by the trial judge within the time allowed for its filing. The Court of Appeals sustained that ground

of the motion. The question here is whether it erred in so doing.

There is a very serious question of law as to whether the trial judge ever sufficiently signed this bill of exceptions. It will, however, be unnecessary to consider that question if the Court of Appeals did not err in striking the bill of exceptions on the ground above stated.

The bill of exceptions does not expressly state when it was signed by the trial judge. It must appear on the face of this instrument that it was signed by him within the time allowed for its filing. *State ex rel. Partin* v. *Dykes*, 169 Tenn. 100, 102, 83 S. W. (2d) 243, and cases there cited.

Sixty days was allowed for the filing of this bill of exceptions. The endorsement of the Clerk on its face discloses that it was filed on the 59th day; that is, within the time allowed. In that respect we have the same situation as that which existed in *Central Produce Co.* v. *General Cab Co.*, 23 Tenn. App. 209, 129 S. W. (2d) 1117, a case referred to in the opinion of the Court of Appeals. The majority opinion in that case was that the affirmative showing on the face of a bill of exceptions that it was filed within the time allowed is not an affirmative showing that the trial judge signed it within that time. This Court denied certiorari.

The case at bar differs from *Central Produce Co.* v. *General Cab Co.*, supra, in that in the case at bar the appellant wife suggested a diminution of the record. In support of that suggestion she produced the affidavit of the Clerk of the Trial Court wherein it is stated that at the time the bill of exceptions was marked filed by her it contained what is said to be the official signature of the trial judge. Now since this bill of exceptions affirmatively shows that it was filed within the time

allowed, it follows that the Appellate Court must treat the bill of exceptions as having been signed by the trial judge within that time, provided this affidavit of the clerk can be considered.

The Court of Appeals was of the opinion that it could not consider this affidavit in support of the suggestion of diminution. That opinion held that nothing which is not already in the written record below "can be added to or taken from, the original record" as certified to the Appellate Court. This opinion refers to *Steele et al.* v. *Davis*, 52 Tenn. 75, *Bundren* v. *State*, 109 Tenn. 225, 70 S. W. 368, and *Davis* v. *Jones*, 40 Tenn. 603, as controlling precedents for this conclusion. Of course, if the Court of Appeals had considered this affidavit that would have been adding to the bill of exceptions as so certified.

In *Davis* v. *Jones*, supra, it was sought, after the case reached this Court, to amend the bill of exceptions by adding at its conclusion the indispensable statement that this was all the evidence introduced upon the trial. That statement seems to have "entirely escaped the Court and the parties, until an appeal had been taken and the term had passed by an adjournment". 40 Tenn. at page 605. The amendment was not allowed.

In *Bundren* v. *State*, supra, [109 Tenn. 225, 70 S. W. 369] what purported to be the bill of exceptions did not affirmatively show when, if ever, it was filed so as to become a part of the record. In response to a suggestion of diminution there was presented the affidavit of the then clerk of the trial court, wherein he stated that he did endorse the date of filing with pencil on the face of the bill of exceptions but that by continued use of the instrument and other unknown means this endorsement had become obliterated. Based upon that affidavit, the clerk wrote on the bill of exceptions the endorsement that

it was filed on the date mentioned in the affidavit of the former clerk. It was held that this amendment could not be made and that "the indorsement goes for naught".

A first impression is that the rule thus enunciated or re-enunciated in the cases mentioned is unnecessarily harsh in that it deprives a litigant of his day in the Appellate Court by refusing to permit an amendment which, if allowed, makes the record speak the truth. The reason—and it is very sound—for the rule is well stated in *Steele et al.* v. *Davis,* supra, wherein this Court says, 52 Tenn. on page 76: "If it can be added to for one purpose, it can be for all purposes. If it (the bill of exceptions) may be amended in one particular, it may be in every. And so the entire bill of exceptions could be, and often would be, changed throughout."

■ The holding of our Court on this question seems to be the general rule. 4 C. J. S., Appeal and Error, Section 1212, page 1714, citing many cases, and at page 1262, Section 779, says the general rule is that: "The record on appeal cannot be varied, added to, or explained by, a statement or certificate of the judge before whom the case was tried, the stenographer who took the evidence on the trial, or the clerk who made the record."

■■ This Court is of the opinion, both on principle and by reason of the controlling precedents above discussed, that the Court of Appeals was correct in refusing to consider the affidavit of the clerk and in disallowing the amendment to the bill of exceptions and in striking that instrument because it did not affirmatively disclose the date of approval by the Trial Judge.

■ There is an assignment of error to the effect that the dealings between opposing attorneys with reference to the bill of exceptions estops respondent from questioning its sufficiency. The affidavits of the attorneys dis-

closed a rather important disagreement between them. The Appellate Court cannot adjudge that matter, and the Court of Appeals so held.

The Trial Court's decree said that it was not adjudging the question of the paternity of a child born some months after the marriage of these litigants. The only question before the Court under the pleadings was whether the husband was entitled to a divorce because of wilful desertion by the wife for a period of two years. Nothing said by the Trial Court's decree can have any possible bearing upon any lawsuit that may arise with reference to the paternity of this child, and the Court of Appeals so held.

The petition for writ of certiorari will be denied.