## ANDERSON *v.* STATE.

### (*Nashville,* December Term, 1952.)

Opinion filed April 25, 1953.

ROBERT F. BRINKLEY, of Gallatin, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This appeal involves an order suspending a 30 day sentence to jail previously imposed upon the plaintiff-in-error and ordering him to serve said sentence. Code Supp. Section 11802.3.

The State has moved the Court to strike the Bill of Exceptions because it was not signed by the trial judge and filed within 30 day period allowed by law, and the order of extension was not signed within that time.

The motion must be sustained. The motion for a new trial was overruled on September 29, 1952. The plaintiff-in-error was allowed 45 days in which to prepare and file his Bill of Exceptions. The Bill of Exceptions was signed by the trial judge on November 14, 1952, which was one day late and filed by the Clerk on November 15, 1952, two days late. Counsel for the plaintiff-in-error has suggested a diminution of the record in order to supply an order pronounced on November 8, 1952, purporting to extend the time for filing the Bill of Exceptions. The order reads as follows:

"This cause came on to be heard before the Honorable William P. Puryear, Jr., Judge of the Circuit Court for Sumner County, Tennessee, on this 8th day of November, 1952.

"Upon good cause being shown the Trial Judge is pleased to and doth grant the defendant, Charlie Anderson, 10 days additional time in which to file his Bill of Exceptions, that being no later than November 23, 1952.

"This the 21st day of February, 1953.

"This Order should have been entered on November 8, 1952, and the same is now entered nunc pro tunc.

"/s/ W. P. Puryear, Jr.

"W. P. Puryear, Jr., Judge"

The foregoing order is wholly ineffective since it was signed by the trial judge on the 21st day of February, 1953, and hence not within the 30 day period allowed by law for filing the Bill of Exceptions.

Under our statute trial judges can extend the time for filing a Bill of Exceptions within 30 days from the date of the order overruling the motion for a new trial. They have no authority to extend the time after the expiration of 30 days. Code Sections 8822, 9047. "The trial court cannot allow more than thirty days from the date the motion for new trial is overruled within which to file a bill of exceptions." *Chattanooga Dayton Bus Line* v. *Burney,* 160 Tenn. 294, 23 S. W. (2d) 669, citing Acts of 1919, Chapter 157; Acts of 1921, Chapter 72; and *Sells* v. *State,* 156 Tenn. 610, 4 S. W. (2d) 349, and other cases. The failure to file it within that time could not be cured by a nunc pro tunc order.

The judgment of the trial court is affirmed.