ALVIN G. PARRISH, Administrator of the Estate of Wayne Douglas Parrish, Plaintiff-in-Error, v. EMMETT YEISER, Defendant-in-Error. MRS. BESSIE ARNOLD, Administratrix of the Estate of W. C. Rose, Plaintiff-in-Error, v. EMMETT YEISER, Defendant-in-Error.—298 S. W. (2d) 556.

Western Division, Jackson. November 3, 1955.

Rehearing denied by Supreme Court, March 9, 1956.

Petition for Certiorari denied by Supreme Court, February 3, 1956.

John J. Caldwell, Savannah, Z. T. Osborn, Jr., Nashville, for plaintiffs in error.

W. W. Lackey, Savannah, George H. Cate, Jr., of Cate & Cate, Nashville, for defendant in error.

CARNEY, J. These two cases arose out of the deaths of two small boys who were riding the same bicycle when struck by an automobile driven by the defendant Hugh Anderson Thompson. Wayne Douglas Parrish was 11 years of age and W. C. Rose was 11 years of age.

The accident happened about 5:45 p. m. February 15, 1954, in or near the town of Savannah, Tennessee.

Both declarations charged the defendant, Thompson, with active negligence in driving the automobile.

The defendant, Emmett Yeiser, an automobile dealer in Savannah, Tennessee, was charged with negligence as follows: That Yeiser furnished the automobile to Thompson to drive in order to get Thompson's support in the sale of the automobile to Thompson's father; that the defendant, Hugh Anderson Thompson had been injured in an automobile wreck on Dec. 29, 1953, and that on Feb. 15, 1954, when Yeiser furnished Thompson with the car, Thompson's face was bandaged so that his vision was partially obscured. The declaration further alleged that Yeiser knew or should have known that Thompson's vision was impaired and that Thompson was an incompetent driver. Hence, Yeiser should also be held liable in damages for the wrongful death of these two boys.

Both cases were tried together.

The Trial Judge directed a verdict in favor of the defendant Yeiser at the conclusion of all the proof and submitted the two cases to the jury on the question of Thompson's negligence.

The jury was unable to agree as to Thompson's liability. The jury was discharged after which the plaintiff took a non-suit as to the defendant Thompson and moved for a new trial as to the defendant Yeiser.

The record shows that the motions for a new trial as to defendant Yeiser were overruled by the Trial Judge on April 20, 1955, and plaintiffs were granted 30 days in which to file a Bill of Exceptions and perfect appeals to the Court of Appeals.

From page 23 of the record in this Court we quote the order extending time in which to prepare the Bill of Exceptions and perfect the appeals:

"Wednesday Morning May 25, 1955, Court Met Pursuant To Adjournment Present And Presiding The Hon. Andrew T. Taylor, etc. When The Following Proceedings Were Had and Entered of Record To-Wit:

> "Order of Extension of Time
> For Perfecting Appeal and Filing Bond.

"Alvin Parrish, Administrator of the estate of Wayne Douglas Parrish

vs.

Hugh Anderson Thompson and Emmett Yeiser

No. 1783
In the Circuit Court for Hardin County, Tennessee

"Order.

"On motion of the plaintiff, Alvin Parrish, Administrator of estate of Wayne Douglas Parrish supported by good cause shown, the plaintiff is allowed thirty days additional time, being from May 20, 1955, for the perfecting of his appeal, preparation of his Bill of Exceptions, and to file his cost bond for appeal to the Court of Appeals.

"The plaintiff's Motion for A new Trial was overruled on April 20, 1955, and at that time he was granted the original 30 days for the preparation and perfecting of his appeal.

"Andrew T. Taylor
Judge.

"This order was marked by the Clerk 'Filed May 20, 1955, J. S. Smith, Clerk.' "

The original thirty days granted by the Trial Judge expired on May 20, 1955, and if the order shown on the minutes of the Court for Wednesday, May 25, 1955, quoted above was ineffective as of May 20, 1955, then the extension is void and the Bill of Exceptions was filed too late and the appeals perfected too late and the judgments of the lower Court must be affirmed in both cases.

Plaintiffs-in-error have sought to correct the record by affidavits. The appellate court must try the cause upon the record as certified by the clerk and we hold that affidavits are incompetent to vary or contradict the record as certified by the clerk.

In the case of Chattanooga Dayton Bus Line v. Burney, 160 Tenn. 294, 23 S. W. (2d) 669, it was held that where a nunc pro tunc order was entered of record on the minutes of date May 28, 1928, overruling a motion for a new trial

and granting time for filing a Bill of Exceptions and reciting that said motion was actually heard and disposed of on May 7, 1928, that the time for filing said Bill of Exceptions actually began to run on May 7, 1928.

In Anderson v. State, 195 Tenn. 155, 258 S. W. (2d) 741, the Trial Judge on Feb. 21, 1953, signed a nunc pro tunc order purporting to extend the time for filing a Bill of Exceptions from Nov. 8, 1952, and recited that the order should have been entered on Nov. 8, 1952. The Supreme Court held that since the order was not actually signed within the original thirty-day period the nunc pro tunc order was ineffectual to extend the time.

In these cases at bar, the order extending time was entered on the minutes of the Circuit Court as of date May 25, 1955, but the statement made by the clerk, also contained on the minutes, shows that the order, which appears regular and to have been signed by the Trial Judge, was filed in the clerk's office on May 20, 1955. Therefore, we hold that the record before us shows that an order granting an extension of time signed by the Trial Judge was filed in the office of the clerk on May 20, 1955 and that for some reason unexplained the order was not entered upon the minutes of the Circuit Court of Hardin County until Wednesday, May 25, 1955.

Therefore, we hold that the order granting an extension of time was valid and the Bill of Exceptions was properly approved and filed within the period covered by the extension of time.

What we have said above in connection with the Bill of Exceptions applies also to the filing of an appeal bond in the case of Parrish v. Yeiser.

■ In the case of Arnold v. Yeiser there was no appeal bond filed and only a cashier's check deposited with the clerk which the clerk accepted within the extended time described above. Defendant-in-error insists that this is not a proper appeal bond and that therefore this appeal must be dismissed. Upon the oral argument in this Court the plaintiff-in-error, Mrs. Bessie Arnold, executed and tendered an appeal bond in the event that this Court should determine that the cashier's check was insufficient to perfect the appeal.

We are cited to no case holding that a plaintiff-in-error may not put up cash in lieu of an appeal bond. It appears to us that the purpose of the usual appeal bond is to guarantee payment of the costs in case the plaintiff-in-error is cast on his appeal. Obviously the costs of a cause could be collected out of cash on deposit with the Clerk easier than by judgment and levy of execution against an appellant and his sureties. None of the statutes exclude the deposit of cash in lieu of an appeal bond and we hold that the deposit of cash in the amount of $250 with the clerk by the plaintiff-in-error is the equivalent of filing a solvent appeal bond in the amount of $250.

Turning now to the question of the deposit of a cashier's check instead of the cash as was done in this case, we observe that the vast majority of all financial transactions in modern times are carried on by means of checks and other commercial paper. A cashier's check is a check given by the officer of a bank upon funds belonging to the bank on deposit with some other bank or financial institution.

The plaintiff-in-error, Mrs. Bessie Arnold, Admrx., went to some inconvenience to purchase a cashier's check and filed the same with the Clerk of the Court below and by her acts she clearly intended to perfect her appeal by depositing money instead of an appeal bond and the Clerk evidently so understood it and accepted the check as an appeal bond. In the absence of any suggestion that the check was not paid or that the defendant-in-error is not as fully protected in the collection of the costs as if an appeal bond has been made, we hold that the deposit of the cashier's check in lieu of an appeal bond was sufficient to perfect the appeal.

Hence, the motion to dismiss the appeals as above set out is overruled.

We turn now to the assignments of error on behalf of the plaintiffs-in-error which are to the general effect that the Trial Judge erred in directing a verdict in favor of the defendant Emmett Yeiser at the conclusion of all the proof.

█ We agree as insisted by plaintiff-in-error that in considering a motion for a directed verdict in favor of the defendant the appellate court must take the strongest legitimate view of plaintiff's evidence, allow all reasonable references therefrom in favor of the plaintiff, disregard all countervailing evidence and deny the motion if there is dispute as to any material determinative evidence or any doubt as to the conclusions to be drawn from the whole evidence. Smith v. Sloan, 189 Tenn. 368, 225 S. W. (2d) 539, 227 S. W. (2d) 2.

When we apply this rule to the evidence in the instant cases we find the following: The defendant Hugh Thomp-

son was 18 years of age and had wrecked the family automobile on Dec. 29, 1953. On Feb. 15, 1954, young Thompson and his father went to the defendant Yeiser, an automobile dealer, who knew of the wreck of the Thompson car. The car to be purchased was to be actually the car of the defendant Thompson but since he was only 18 years of age the sale was to be made to the father. Young Thompson's face was bandaged as a result of the injuries he received and the bandage covered the right eye and it was noticeable that this damaged eye had been bruised and still discolored.

A particular car was selected and agreed upon including the terms of sale. A different set of tires were put upon the automobile and the license plates from the old Thompson car were removed and put upon the new car which they were buying. At this time it was about 5:30 p. m. and too late to complete the paper work required under the Motor Vehicle Registration Law to be found in Section 2680.1 et seq. of the 1950 Supplement to the Code of Tennessee. It was understood between Yeiser and the elder Thompson that Thompson would come back and the transaction would be completed by the execution and delivery of bill of sale, registration of lien, etc.

Young Thompson drove the automobile off with the knowledge and permission of the defendant Yeiser. Within about fifteen minutes thereafter the unfortunate accident occured resulting in the deaths of the two children.

Plaintiffs-in-error insist that since the legal title to the automobile had not been transferred to the elder Thompson as required by the Motor Registration Law that Yeiser was still the legal owner of the car and that

the relationship between Yeiser and young Thompson was that of bailor and bailee. The defendant Yeiser contends that as between the parties themselves and so far as an action of tort is concerned the transaction had been completed and that young Thompson was driving as the son and bailee of his father, the elder Thompson.

We do not find it necessary for us to determine in these causes whether or not the relationship of bailor and bailee existed between defendant Yeiser and defendant Thompson for the reason that we do not see any actionable negligence on the part of the defendant Yeiser in furnishing the automobile to young Thompson under circumstances above set out.

It is true that the general rule is that one who furnishes or lends his automobile to a known incompetent driver is liable for damages to persons injured by the negligence of such incompetent driver. Elkin Motor Co. v. Ragland, 6 Tenn. App. 166; Nicholson Const. Co. v. Lane, 177 Tenn. 440, 150 S. W. (2d) 1069; Reid v. Messer, 33 Tenn. App. 255, 231 S. W. (2d) 400; English v. Stevens, 35 Tenn. App. 557, 249 S. W. (2d) 908; Rowan v. Sauls, 195 Tenn. 573, 260, S. W. (2d) 880.

The only knowledge of young Thompson's incompetence which Yeiser had at the time of the alleged bailment was the fact that Thompson had been in a wreck on Dec. 29, 1953, and that on Feb. 15, 1954, the date of the alleged bailment, young Thompson's eye was still discolored from the bruises received in the wreck of Dec. 29, and that he wore a patch on the right side of his face which completely obscured his vision in the right eye.

The mere statement that a person has been involved in an automobile wreck is proof of neither negligence nor incompetence as a driver.

Likewise, we know that persons with only one eye are granted driver's licenses and that the mere knowledge that a person has only one eye or that one eye is completely covered by a bandage is not sufficient to charge another person furnishing him a car that such person is an incompetent driver.

We hold that the act of Yeiser in delivering the automobile to young Thompson under the circumstances even as claimed by plaintiff-in-error, though denied by defendant Yeiser, did not constitute actionable negligence and His Honor, the Trial Judge, was correct in granting the motion for peremptory instructions at the conclusion of all the proof. Hence, the assignments of error are overruled.

The plaintiff-in-error Parrish, Admr., and his sureties are taxed with the costs of this appeal and the plaintiff-in-error Mrs. Bessie Arnold, Admrx. is taxed with the costs of her appeal and said costs will be paid out of the proceeds of the cashier's check which the Circuit Court is presumed to have cashed forthwith after its deposit with him.

Avery, P. J. (W. S.), and Bejach, J., concur.