ERNEST BRADEN

*v.*

MARY LOUISE CLARK et al.

(*Nashville,* December Term, 1957.)

Opinion filed February 6, 1958.

H. G. WADE, Lewisburg, for plaintiff in error.

G. E. WHITE, Lewisburg, for defendants in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal from the action of the Circuit Court in correcting under the authority of Code Section 20-1512 a judgment hereinafter described, such correction being after the expiration of the term of Court at which the judgment was rendered, and more than 30 days after the rendition of that judgment.

Mary Louise Clark instituted an action of replevin to take from the possession of Ernest Braden a cow and calf. A judgment entered on November 26, 1956 recites that the jury "find the issue in favor of" Braden. This judgment ordered the return of the cow and calf to Braden. It likewise rendered a money judgment of $250 against Clark and the sureties on her replevin bond in the event of failure to return them. An execution issued upon this judgment. The return thereon was that the officer could not find the animals.

The sureties on the replevin bond filed a petition at some unrevealed date in the March 1957 term of Court. The relief sought was "that execution be quashed and for nothing held", and that the same fate be visited upon the judgment "as an erroneous judgment upon its face and that of the record". The ground therein assigned for the relief prayed was that the petitioner was "not a party to said suit either as a principal or as a bondsman", and further that the surety on this bond "is a partnership and not a corporation".

Subsequently, these petitioners paid into Court $158.30 in purported satisfaction of said judgment. The paper by which they explained this action was that "as a friend of court in order to correct matters now in litigation on disputed state of facts". The amount paid in was reached by a calculation of Court costs involved and an assumption that the value of the animals was $125, since that is one-half of the amount of the bond. This paper, which possibly can be considered as an amended petition, (and will be so treated) justified its action as to the $125 further by saying that there had "been no evidence offered as to value of property before the Court or jury"

in the trial in which the heretofore mentioned judgment of November 26, 1956 was rendered.

Prior to the filing of this amended petition Braden moved to dismiss the petition previously filed by these bondsmen because it stated ''no cause of action'' and was filed without notice.

On some subsequent unrevealed date a judgment was entered wherein it was recited that on the trial of the replevin action upon which the November 26, 1956 judgment was rendered

''there was no evidence offered or introduced showing the value of the cow and calf; that the only evidence presented was in regard to the right of possession of the cow and calf involved herein, as shown by notation on the court's docket and from independent recollection also, but by oversight and inadvertence an erroneous judgment was entered upon the verdict of the jury, in which it was stated that the value of the property was two hundred and fifty dollars when in fact no such value was proved nor was any attempt made to prove the value of the said property.''

This judgment then recited the aforesaid deposit of the $125 and interest by the bondsmen in Court and further that since

''no evidence having been offered on the trial of this action as to the value of the cow and calf, but it being assumed that the clerk obeyed the law and fixed the bond double the value of the property, the former judgment upon the verdict of the jury is corrected to comply with the law and the facts, and the Court now orders and adjudges as follows:''

Accordingly this judgment directed the correction of the November 26, 1956 judgment by adjudging Braden entitled to $125 with interest, and directing that the $125 paid into Court by the bondsmen is ''in full satisfaction thereof''.

Braden moved for a new trial, assigning as error the aforementioned action of the Court in so correcting the judgment. This motion averred that ''the clerk never saw the cow and calf'' or had anything to do with the fixing of the amount of the bond; that, as a matter of fact, on the trial wherein was entered the judgment of November 26, 1956 proof was offered as to the value of the cow and calf. This motion then says that the affidavits of several people are attached thereto, made a part thereof, as ''collective Exhibit 1''.

By the judgment of April 15, 1957 this motion was overruled, the judgment reciting that it was overruled ''after hearing the affidavits'', etc. This order allowed Braden an appeal to the Supreme Court.

█ If the affidavits were competent for consideration this case would have to be transferred to the Court of Appeals. There is attached to the record a purported bill of exceptions. Therein appears the aforesaid affidavits. This writing cannot be treated as a bill of exceptions. It was filed July 6, 1957. The judgment of April 15, 1957 fixed no time for filing the bill of exceptions. So, Braden had 30 days from April 15, 1957 within which to file such instrument. Code Section 27-111. Since this writing was not filed until July 6 ,1957 it is ineffective as a bill of exceptions and cannot be considered on appeal, *Hamilton*

*v. Wolfe,* 194 Tenn. 428, 250 S.W.2d 910, if otherwise it were competent for consideration.

The ineffectiveness of this writing as a bill of exceptions is emphasized solely because of the fact that in this purported bill of exceptions there is a recital of "the memorandum on the Judge's trial docket" with reference to the trial in which was rendered the November 26, 1956 judgement. That is the judgment which the Court undertook to subsequently modify. If there were a bill of exceptions this memorandum would have to be given consideration. But since there is no bill of exceptions, it cannot be considered.

■ Upon the expiration of 30 days after November 26, 1956 the only authority the Circuit Court had for correcting the judgment rendered on that date is the authority given by Code Section 20-1512 providing as follows:

"Any Court of record may, at any time within twelve (12) months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend."

Note that under this statute the Court can correct such judgement only when the error is "apparent on the record, the papers in the cause, or entries of a presiding judge". Therefore, the Court was without authority to consider his "independent recollection" in correcting the aforesaid judgment.

However, the judgment amending the judgment of November 26, 1956 further recites that the Court's docket has a notation thereon showing that no evidence was offered as to the value of the cow and calf in the trial in which was rendered the November 26, 1956 judgment.

Since there is nothing in the record showing what the notation on the court's docket is it will have to be presumed on this appeal that, as recited by the judgment, there is a notation on the Court's docket showing that no evidence as to value of the animals was offered. That being true, was it proper upon the petition of these bondsmen to modify that judgment?

In considering the correct answer to the question stated, it must be kept in mind that the judgment under attack by the sureties on the replevin bond is not a void judgment. It is an erroneous one in that the jury did not fix the value of the cow and calf as required by the statute when the defendant is successful in the replevin suit. Code Section 23-2319. Nor was any evidence offered as to the value.

██ Nevertheless, judicial knowledge must be taken of the fact that these animals had a monetary value. The value thereof was fixed in this judgment at $250. The plaintiff in the replevin suit, she being the principal on the replevin bond, made no exception to the judgment fixing $250 as that value. This principal made no motion for a new trial nor prayed any appeal from that judgment. No citation to authority is necessary to sustain the obvious fact that this principal could not now be heard by proceeding under Code Section 20-1512 to have changed the value fixed in that judgment.

■ That the sureties have, in any event, no higher standing in the instant case than their principal would have had is firmly held by *Barry v. Frayser,* 57 Tenn. 206, 211, wherein is enunciated the following applicable rule:

"It is obvious from this statement of the case, that the sureties on the replevin bond are bound by the result of the litigation between Mrs. Barry and Gibson, the debtor: [*Wells v. Griffin*], 2 Head [568], 570. They were not parties to the original bill, had no interest in that litigation, nor right to contest the claim of Mrs. Barry against Gibson. In this respect they were strangers to the suit, and to the decree so far as it settles the rights of those parties. This being so, Frayser, by his writ of error, can only occupy the position of one making a collateral attack upon a judgment or decree to which he was not a party, in so far the decree settles the liability of Gibson or his estate to Mrs. Barry. In this view, the only question is, not whether the decree was regular, or even clearly erroneous, against Gibson or his representatives, but whether there was any decree at all, that is whether it was or was not absolutely void, and as such, amounting to no decree, and therefore by the terms of his bond rendering the decree aginst him on his bond erroneous and voidable, on review in this court. If the court, then, had jurisdiction of the subject matter and the parties, the judgment can not be held void in this mode of attack, although the proceedings were irregular and erroneous, and reversible on appeal or writ of error. 2 Head 570; [*Greenlaw v. Kerahan*], 4 Sneed 371."

This is only a re-enunciation of the rule stated in *Wells v. Griffin,* 39 Tenn. 568, 570 with reference to the status

of a surety in a replevin bond of this character. The statement of the Court is that "he, as surety, must be held bound by the result of the litigation with his principal."

The principal in the surety bond in question having made no exception to the value fixed in the judgment of the animals replevied by the principal upon the strength of this bond, it follows that the Court is without authority, more than 30 days having expired since the rendition of said judgment, to correct the amount therein fixed as the value of these animals at the instance of the sureties in the replevin bond, though the Court's docket shows that no evidence was offered as to the value of the animals replevied. Their principal by his actions agreed to this value, in legal effect.

The judgement of the lower court will be reversed and the cause remanded for such further proceedings as may be deemed proper in satisfaction of the judgment of November 26, 1956. Credit on such judgment will be made to the amount tendered by the sureties on the replevin bond, they admittedly being Clyde Roberts and Edward Roberts, partners, trading as Roberts Motor Company. All costs of the appeal will be adjudged against Clyde Roberts and Edward Roberts, individually and as partners trading under the name of Roberts Motor Company.