ROSCOE THOMAS

*v.*

STATE OF TENNESSEE.

(*Jackson,* April Term, 1960.)

Opinion filed May 4, 1960.

Rehearing denied June 6, 1960.

634

H. T. ETHERIDGE, JR., and ROGER MURRAY, Jackson, for Roscoe Thomas.

WILLIAM D. GRUGETT, Assistant Attorney General, for the State.

MR. JUSTICE FELTS delivered the opinion of the Court.

Defendant below Thomas was convicted of an assault with intent to commit rape and sentenced to 10 to 12 years in the Penitentiary. His motion for a new trial was overruled, and he appealed in error and has assigned errors insisting that the evidence did not warrant the verdict but preponderates against the verdict of guilt and in favor of his innocence.

The attorney general, on behalf of the State, has moved to strike the bill of exceptions because not filed in time, and to affirm the judgment below because there is no error upon the technical record and all of the errors

alleged are upon matters which can be made to appear only by bill of exceptions.

The transcript of the technical record shows that defendant's motion for a new trial was heard and overruled June 6, 1959, and he was granted an appeal in error and allowed 30 days in which to file a bill of exceptions. The bill of exceptions was not filed within 30 days and not until a lapse of 56 days, or on August 1, 1959. There is, however, a minute entry of July 9, 1959, as follows:

"On motion and for good cause shown the defendant, Roscoe Thomas, is allowed until the 5th day of August, 1959, to file his bill of exceptions in this case.

"Signed this the 6th day of July 1959.

"Entered now [July 9, 1959] for the 6th day of July, 1959.

"Thereupon Court adjourned until July 21, 1959.

"/s/ Andrew T. Taylor

"Judge of the 12th Judicial Circuit"

Defendant contends that this was a valid extension of time for filing the bill of exceptions to August 5, 1959, and that the bill of exceptions, filed August 1, 1959, is valid; while the State insists that this order was void, because it does not appear that it was signed by the judge and filed by the clerk within the 30 days (from June 6, 1959), but was entered July 9, 1959, or after a lapse of more than 30 days.

As is well known, the time for filing bills of exceptions and wayside bills of exceptions is governed by our statute (T.C.A. secs. 27-110, 27-111),[1] which is familiar to the Profession, but the pertinent part of which we set out in the margin, for convenience. It is seen these sections provide (1) an *initial period* of 30 days for filing the bill of exceptions and, alternatively, (2) an *extension* of the time for filing it.

■ [1] If the bill of exceptions, or the wayside bill of exceptions, is properly presented within 30 days from the overruling of the motion for a new trial, or other action occasioning such bill of exceptions, it may be filed as of right, *"without any special order of court,"* the trial judge's signature and certificate of approval of it being sufficient leave for filing it within the 30 days.

■ [2] If, however, the bill of exceptions is not filed within the period of 30 days from overruling the motion for a new trial, the trial judge may, *"within* the aforesaid thirty (30) day period,"* extend the time for filing the bill of exceptions not exceeding an additional 60

[1] Sec. 27-110: "The certificate of approval of the trial judge upon said bill of exceptions or wayside bill of exceptions shall be sufficient leave to file same, when filed within thirty (30) days after the order or action which occasioned its filing, or an extension thereof * * *"

Sec. 27-111: "In all cases tried in the circuit, criminal, county, chancery, or any other court of record, either party may file a bill of exceptions or wayside bill of exceptions either within or after the expiration of the term without any special order of court, provided the bill of exceptions or wayside bill of exceptions is approved by the court and filed within thirty (30) days from the entry of the order or action of the court which occasioned the filing of said bills of exceptions. The judge or chancellor may within the aforesaid thirty (30) day period, either within or after the expiration of the term, extend the time for filing said bills of exceptions for not exceeding an additional sixty (60) days. The maximum period of ninety (90) days shall be computed, in case of a bill of exceptions, from the date of final judgment, and in the case of a wayside bill of exceptions, from the date of the action which occasioned the taking of such wayside bill of exceptions * * *"

days, the words of the statute authorizing such extension being as follows:

> "The judge or chancellor may within the aforesaid thirty (30) day period, either within or after the expiration of the term, extend the time for filing said bills of exceptions for not exceeding an additional sixty (60) days."

■ Thus the judge, after the aforesaid 30 day period, has no authority to grant any extension of the time for filing a bill of exceptions. Accordingly, in a number of recent cases where the trial judge attempted to grant such extension, *after* the 30 day period, his action has been held void and the bill of exceptions stricken. *Anderson v. State,* 195 Tenn. 155, 258 S.W.2d 741; *Suggs v. State,* 195 Tenn. 170, 258 S.W.2d 747; *Du Boise v. State,* 200 Tenn. 93, 290 S.W.2d 646; *Gerald Roy Bryant v. State,* Lincoln Criminal, opinion February 5, 1960, unreported.

■ While the trial judge may, within the 30 day period, grant an extension of not more than 60 additional days for filing the bill of exceptions, such extension must be by an appropriate order made by the judge within time and filed or left for filing with the clerk within time. Such an order made by the judge within time but not timely filed by the clerk is a nullity. *State ex rel. Partin v. Dykes,* 169 Tenn. 100, 83 S.W.2d 243; *Burkett v. Burkett,* 193 Tenn. 165, 245 S.W.2d 185.

■ Not only must such an extension order be made by the judge in time and filed by the clerk in time, but it must also be duly entered upon the minutes of the court; for the court can act or speak only by its minutes. "The law recognizes nothing as an order or decree until it is

upon the minutes of the court" (*Fraker v. Brazelton,* 80 Tenn. 278). *Gerald Roy Bryant v. State,* supra; *McClain v. State,* 186 Tenn. 401, 210 S.W.2d 680; *Bernard v. Walker,* 186 Tenn. 617, 622-623, 212 S.W.2d 600; *Jackson v. Handell,* 46 Tenn.App. 234, 327 S.W.2d 55, 57, 58.

■ Such an extension order, however, if actually made and filed in time, may later be validly entered on the minutes under the rule for entry of *nunc pro tunc* judgments and decrees. That rule is that where a judgment is pronounced but not entered, it may be later entered *nunc pro tunc,* as of the date of its pronouncement, provided the requisite facts appear of record to justify its entry. *Chattanooga Dayton Bus Line v. Burney,* 160 Tenn. 294, 23 S.W.2d 669; *Gillespie v. Martin,* 172 Tenn. 28, 109 S.W.2d 93.

■ In its requirement as to such facts, this rule is somewhat similar to the statute (T.C.A. sec. 20-1512) for correcting mistakes or omissions in judgments. *Gillespie v. Martin,* supra. Such facts cannot rest on the trial judge's "independent recollection" (*Braden v. Clark,* 203 Tenn. 265, 310 S.W.2d 462, 465), but must appear of record. In *Gillespie v. Martin,* supra [172 Tenn. 28, 109 S.W. 94], it was said:

"The general rule is that to justify a *nunc pro tunc* order there must exist some memorandum or notation found among the papers or books of the presiding judge, and a *nunc pro tunc* order will not be valid unless there is some such memorandum showing what judgment or order was actually made and these jurisdictonal facts recited. *Rush v. Rush,* 97 Tenn. 279, 283, 37 S.W. 13."

So we think the requirements of our statute (T.C.A. secs. 27-110, 27-111) for filing bills of exceptions, may be summarized thus:

[1] A bill of exceptions may be filed within the initial period of 30 days, as of right, "without any special order of court," the trial judge's signature and approval of it being sufficient for its filing within the 30 days.

[2] If the bill of exceptions is not to be filed within the initial 30 days, the trial judge may, within the 30 day period, extend the time for filing it not exceeding 60 additional days; but such order of extension must be (a) made by the trial judge within the initial 30 days, (b) filed or left for filing with the clerk within such 30 days, and (c) entered on the minutes of the court.

[3] If such order be so made and filed within the 30 days but not entered within that time, it may be later entered *nunc pro tunc,* as of the date it was made, provided the requisite jurisdictional facts appear of record to justify its entry—some memorandum or notation on the papers or books of the judge showing what the order was and that it was actually made and filed in time; and such facts must be recited in the *nunc pro tunc* entry. *Gillespie v. Martin,* supra; *Du Boise v. State,* supra; *Gerald Roy Bryant v. State,* supra.

In the case before us, looking to the *nunc pro tunc* order above quoted, it is seen that such order fails to meet these requirements. While it recites it was signed July 6, 1959 (the 30th day from the overruling of the motion for a new trial), it does not show that there existed of record any memorandum showing, independent of the

recital, when the order was signed or when it was filed or left for filing with the clerk. Therefore, the order was void and the bill of exceptions, based thereon, must be stricken.

■ Defendant undertook to supplement the transcript here, by filing an affidavit of the trial judge and a certificate of the clerk. If these matters could be looked to, they would not aid the bill of exceptions, because the certificate, with the order attached thereto, shows the order was filed after the lapse of 30 days, or on July 9, 1959.

Such affidavits and certificates cannot be used to add to or alter the bill of exceptions in the transcript. Such a practice is "vicious in itself, contrary to established rules, and would lead to harmful results in the future" (*Shelby County v. Bickford,* 102 Tenn. 395, 407, 52 S.W. 772, 775); *Cosmopolitan Life Ins. Co. v. Woodward,* 7 Tenn.App. 394, 402, 408; *Burkett v. Burkett,* 193 Tenn. 165, 168, 245 S.W.2d 185, and cases there cited.

For these reasons, the motion is sustained, and an order will be entered striking the bill of exceptions and affirming the judgment below.