IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 1, 2018

## JILL ST. JOHN-PARKER v. VIRGIL DUANE PARKER

**Appeal from the Circuit Court for Bradley County**
No. V-12-473          Lawrence Howard Puckett, Judge

_____

### No. E2016-02297-COA-R3-CV

_____

In a prior appeal, this Court remanded to the trial court for reconsideration of its marital property division. The trial court affirmed its previous award and awarded an additional sum to former wife as her equitable portion of the parties' marital property. The trial court, however, declined to calculate post-judgment interest on the additional award as of the effective date of the divorce, pursuant to this Court's holding in *Watson v. Watson*, 309 S.W.3d 483 (Tenn. Ct. App. 2009). On appeal, former wife argues that *Watson* did not deprive the trial court of discretion to calculate post-judgment interest as of the earlier date. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, P.J., M.S., and JOHN W. MCCLARTY, J., joined.

Randall D. Larramore, Chattanooga, Tennessee, for the appellant, Jill St. John-Parker.

Donald Capparella, Nashville, Tennessee, for the appellee, Virgil Duane Parker.

## OPINION

### BACKGROUND

The facts in this divorce case are undisputed for purposes of this appeal. Relative to their divorce, Plaintiff/Appellant Jill St. John-Parker ("Appellant") was awarded a lump sum payment of $508,706.98 in marital property to be paid by Defendant/Appellee Virgil Duane Parker ("Appellee"). Appellee appealed the trial court's judgment. *See John-Parker v. Parker*, No. E2014-01338-COA-R3-CV, 2016 WL 2936834, at *1

(Tenn. Ct. App. May 17, 2016) [hereinafter, *Parker I*]. This Court, inter alia, vacated the trial court's judgment regarding the division of marital property, and remanded "to give the trial court an opportunity to make a proper equitable determination" of certain property that we determined constituted marital property. *Id.* at *9.

On remand, the trial court affirmed the prior judgment in favor of Appellant in the amount of $508,706.98, awarded an additional amount for attorney's fees, and awarded Appellant an additional $323,175.60, as her equitable portion of the marital property.[1] In its oral ruling, the trial court noted that the additional award would be "retroactively effective as of the date of the divorce," but the order did not contain such language. On November 22, 2016, Appellant filed a motion to alter or amend the trial court's order to explicitly state that the new judgment would be effective retroactively to the date of the divorce and that post-judgment interest would be calculated as of the date of the original judgment. The trial court denied the motion on the basis that it was not permitted to calculate post-judgment interest retroactive to the effective date of the divorce under *Watson v. Watson*, 309 S.W.3d 483 (Tenn. Ct. App. 2009). The trial court noted, however, that should *Watson* not control, it would have ordered that post-judgment interest on the additional $323,175.60 judgment began to accrue as of October 22, 2013, when the divorce was effective. From this order, Appellant now appeals.

## ANALYSIS

This case presents a single issue: whether the trial court was permitted to award post-judgment interest on the $323,175.60 judgment as of the effective date of the divorce in this particular case. The award of post-judgment interest is mandated by statute. *See Vooys v. Turner*, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001) ("[T]he allowance of interest is based upon statute[.]"). Pursuant to Tennessee Code Annotated section 47-14-122, "[i]nterest shall be computed on every judgment from the day on which the jury or the court, sitting without a jury, returned the verdict without regard to a motion for a new trial." The language of section 47-14-122 is mandatory. *Clark v. Shoaf*, 302 S.W.3d 849, 859 (Tenn. Ct. App. 2008) (citing *Ali v. Fisher*, 145 S.W.3d 557, 565 (Tenn. 2004)). According to this Court,

> A party's right to postjudgment interest is based on that party's entitlement to use the proceeds of the judgment after the award. . . . "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant."

*Vooys v. Turner*, 49 S.W.3d 318, 322 (Tenn. Ct. App. 2001) (quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990)) (internal citation omitted).

---

[1] The trial court did not hear additional evidence.

How interest is to be calculated following an appeal is somewhat addressed by Rule 41 of the Tennessee Rules of Appellate Procedure. Rule 41 states as follows:

> If a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is allowed by law shall be payable computed from the date of the verdict of the jury or the equivalent determination by the court in a non-jury case, which date shall be set forth in the judgment entered in the trial court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the trial court, the mandate shall contain instructions with respect to allowance of interest.

Tenn. R. App. P. 41. We have noted, however, that Rule 41 does not contain any discussion of the proper calculation of post-judgment interest in the event that a judgment is vacated and remanded to the trial court for further consideration. *See **Bunch v. Bunch***, No. 03A01-9805-GS-00156, 1999 WL 172674 (Tenn. Ct. App. Mar. 24, 1999) ("In our previous decision, we did not affirm or dismiss the appeal; nor did we modify or reverse the lower court's decision with the direction that a judgment for money be entered. Thus, the provisions of Rule 41, T.R.A.P., are not applicable here."). Tennessee courts that have previously addressed questions of when post-judgment interest will be calculated following an appeal to this Court have generally divided the situations into two categories. First, where the appellate court has modified the judgment, i.e. changed the amount awarded, post-judgment interest is calculated from the date of the original judgment. *See generally **Inman v. Inman***, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992) (quoting ***Swift & Co. v. Leon Cahn & Co.***, 151 La. 837, 92 So. 355 (La. 1922)) ("The judgment on appeal, when recorded in the Appellate Court, stands in the place of the judgment of the Trial Court, and the legal situation is as if the judgment so recorded had been originally rendered by the Trial Court."). Where, however, the appellate court merely vacates the trial court's judgment and remands to the trial court for reconsideration, post-judgment interest will run from the time the trial court "make[s] its own decision . . . , the date of the judgment of remand, not the date of the original [judgment][.]" ***Watson v. Watson***, 309 S.W.3d 483, 502 (Tenn. Ct. App. 2009), *perm. app. denied* (Tenn. Feb. 22, 2010) (citing ***Bunch***, 1999 WL 172674, at *5) (distinguishing cases in which the appellate court modified the judgment and the appellate court remanded for reconsideration; holding that "the date on which the trial court entered judgment after reapportioning the parties' marital assets upon remand . . . is the date upon which it 'returned the verdict' for purposes of [post-judgment interest]"); *see also **Haskins v. Haskins***, No. E2009-00403-COA-R3-CV, 2010 WL 1924164, at *10 (Tenn. Ct. App. May 13, 2010) (relying on ***Bunch*** to hold that interest would only be computed as of the date of judgment on remand where the issue was remanded to the trial court for reconsideration); ***Berryhill v. Rhodes***, No. W2001-00748-COA-R3-JV, 2002 WL 927442, at *5 (Tenn. Ct. App. May 2, 2002) (same); *c.f. **Tennessee Rand, Inc. v. Automation Indus. Grp., LLC***, No. E2011-00280-COA-R3-CV, 2012 WL 130898, at *9 (Tenn. Ct. App. Jan. 12, 2012) (holding that the ***Watson*** rule is not applicable where a

remand "leaves nothing of substance to be done by the trial court"). Thus, the disposition of the initial appeal will determine the date upon which post-judgment interest will be calculated.

Appellant does not dispute that this Court in *Parker I* remanded to the trial court to reconsider its division of martial property. *See Parker I*, 2016 WL 2936834, at \*9 ("We, therefore, remand to give the trial court an opportunity to make a proper equitable determination concerning the division of the debentures, all of which have been determined to be marital property, upon consideration of the factors enumerated in Tenn. Code Ann. § 36-4-121(c)."). As such, Appellant also does not appear to dispute that this case generally falls within the second category of cases, wherein post-judgment interest is calculated from the trial court's judgment on remand. We likewise conclude that the Court in *Parker I* did not merely modify the trial court's judgment but remanded the case for reconsideration of a substantial issue in the parties divorce, thereby leaving something of substance for the trial court to do on remand and placing this case squarely within the rule adopted in *Watson*. Appellant argues, however, that notwithstanding the authority in *Watson*, the trial court had discretion to award post-judgment interest as of the effective date of the divorce where the remand in *Parker I* did not specifically direct post-judgment interest to begin on a certain date.

The decision in *Watson* does not state that the trial court's decision as to the proper date for calculation of post-judgment interest is left to the trial court's discretion. Appellant argues, however, that support for the discretion of the trial court can be found in this Court's decision in *Inman v. Inman*. In *Inman*, the appellant argued that "the failure of an appellate court to direct the manner of computation of interest is a forfeiture of all post-judgment interest." *Inman*, 840 S.W.2d at 932. In rejecting this argument, we noted that "if the appellate court deems that its action requires that interest be computed other than as required by statute, the judgment of the appellate court should so state. This interpretation [of Rule 41] results in the application of statutory interest unless the appellate court orders otherwise." *Id.* While we agree that *Inman* indicates that the Court of Appeals retains discretion in its remand order regarding the calculation of post-judgment interest, this discretion does not necessarily extend to the trial court. *Id.*; *see also Varnadoe v. McGhee*, 149 S.W.3d 644, 652 (Tenn. Ct. App. 2004) (holding that "this court" had discretion to order a different date for post-judgment interest to run, but stating that the Court of Appeals' "silence" in its remand order does not give the trial court discretion to depart from the date provided by law).[2] Additionally, we note that

---

[2] Despite the *Varnadoe* court's holding that the trial court lacked discretion, Appellant nevertheless argues that *Varnadoe* supports its argument in this case because we held that post-judgment interest should run from the date of the original judgment, notwithstanding the fact that the matter was remanded to the trial court for reconsideration. In *Varnadoe*, however, Judge Frank Crawford filed a stirring dissent in which he argued that post-judgment interest should not accrue until the date of the judgment following remand because it was essentially a new judgment, rather than merely a modification of an existing one. *Id.* at 652 (Crawford, J., dissenting). Although Judge Holly Kirby originally concurred

- 4 -

discussion of the proper interpretation of Rule 41 simply does not control the outcome of this case, as we have previously recognized that Rule 41 expressly governs only affirmations, dismissals, modifications, and reversals, rather than the situation presented here involving a decision to vacate a judgment and remand for further consideration. *See Bunch*, 1999 WL 172674, at *5.

As previously discussed, the award of post-judgment interest is mandatory. *Compare Clark v. Shoaf*, 302 S.W.3d 849, 859 (Tenn. Ct. App. 2008) (involving general decisions regarding post-judgment interest in trial courts), *with Lee v. State*, No. E2005-02030-COA-R3-CV, 2006 WL 1408391, at *2 (Tenn. Ct. App. May 23, 2006) (citing Tenn. Code Ann. § 9-8-307(d)) (noting that pursuant to the statute applicable in the Claims Commission, the commissioner has discretion to award or deny post-judgment interest). The court in *Watson* made clear that "the date of the judgment on remand . . . *is* the date on which the trial court 'returned the verdict' for the purposes of [s]ection 47-14-122." *Watson*, 309 S.W.3d at 502 (emphasis added). This statement leaves no room for the trial court to reach its own conclusion of the proper date upon which post-judgment judgment interest accrues. Indeed, the Court applied this rule despite the fact that the Court in the initial appeal in *Watson* did not give specific directions regarding the calculation of post-judgment interest following remand. *See Watson v. Watson*, No. W2004-01014-COA-R3-CV, 2005 WL 1882413, at *14 (Tenn. Ct. App. Aug. 9, 2005); *see also Haskins*, 2010 WL 1924164, at *4, *10 (citing *Haskins v. Haskins*, No. E2005-02868-COA-R3-CV, 2006 WL 3017896, at *1–3 (Tenn. Ct. App. Oct. 24, 2006)) (calculating post-judgment interest as of the date of judgment on remand despite the fact that the court in the initial appeal gave no specific instructions regarding the calculation of post-judgment interest); *Berryhill*, 2002 WL 927442, at *1, *5 (citing *Berryhill v. Rhodes*, 21 S.W.3d 188, 188-89 (Tenn. 2000)) (same); *Bunch*, 1999 WL 172674, at *1 n.1, *4–*5 (citing *Bunch v. Bunch*, No. 03A01-9609-GS-00301, 1997 WL 243501, at *2 (Tenn. Ct. App. May 13, 1997)) (same).

Moreover, merely because a decision is discretionary does not provide the trial court with carte blanche to make any decision it so chooses. Rather, discretionary decisions "must be based on proof and appropriate legal principles." *Hogue v. Hogue*, 147 S.W.3d 245, 251 (Tenn. Ct. App. 2004) (noting that "discretion is not unbounded"). Here, the applicable legal principles provide that where an appellate court remands to the

in *Varnadoe*, four years later, relying on similar reasoning to Judge Crawford, this Court, Judge Kirby authoring, held that post-judgment interest does not accrue from the date of the original judgment following a remand for reconsideration by this Court. *See Watson*, 309 S.W.3d at 502 (not citing *Varnadoe*); *see also Haskins*, 2010 WL 1924164, at *9 (Tenn. Ct. App. May 13, 2010) (citing *Varnadoe* but relying on *Bunch* to hold that where a matter is vacated and remanded for reconsideration, the date upon which post-judgment interest should be calculated is the date of judgment on remand). As such, it appears that the law has evolved to conform to Judge Crawford's dissent. In her statement of issues designated for review in this case, Appellant does not assert that that *Watson* is not controlling authority in this case; rather, Appellant asserts that *Watson* does not divest the trial court of its discretion to depart from the holding in *Watson*.

trial court for reconsideration and an additional sum is awarded, the date upon which post-judgment interest should accrue is the date of the judgment upon remand. Any argument to the contrary is unavailing.[3]

## CONCLUSION

The judgment of the Bradley County Circuit Court is affirmed and this cause is remanded to the trial court for further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant, Jill St. John-Parker, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

---

[3] Appellant's argument that the post-remand judgment could have been entered *nunc pro tunc* is likewise without merit. Setting aside whether a *nunc pro tunc* order could work an avoidance of the clear rule established in *Watson*, the trial court in this case was simply not permitted to enter its order on remand *nunc pro tunc* to the effective date of the divorce. As the Tennessee Supreme Court has explained, "as a prerequisite to an entry *nunc pro tunc*, there generally must exist some written notation or memorandum indicating the intent of the trial court to enter the judgment on the earlier date." *Blackburn v. Blackburn*, 270 S.W.3d 42, 54 (Tenn. 2008) (citing *Gillespie v. Martin*, 172 Tenn. 28, 109 S.W.2d 93, 94 (Tenn. 1937)) (footnote omitted). As such, "a *nunc pro tunc* decree may not be entered in an attempt to make the record reflect what should have happened, rather than what actually did occur." *Blackburn*, 270 S.W.3d at 54. Here, the trial court did not announce the additional $323,175.60 award at the time of the original divorce decree but only following an appeal and remand from this Court. As such, the trial court was not authorized to enter the judgment on remand *nunc pro tunc* to the effective date of the divorce or to the entry of the final decree.