M. BURNS *v.* MAYOR OF EDGEFIELD.

April Term, 1876.

AMENDMENT OF DECREE AT A SUBSEQUENT TERM. — A decree for money cannot be amended at a term subsequent to its rendition, by the addition that it shall bear interest at the rate agreed by the parties in the original contract, which was higher than the legal rate of interest on judgments, where there is nothing apparent in the record, papers, or entries to show that the court had so adjudged when the decree was rendered. ·

*S. W. Childress*, for complainant.
*T. L. Dodd*, for defendant.

THE CHANCELLOR : — On September 8, 1874, this bill was filed to enforce the vendor's lien retained to secure the payment of notes given for the purchase-money of land. Under the sale as made, the notes given for the purchase-money were dated July 1, 1869, and made payable at various dates, " with interest from date." The last three notes were for $1,000 each, at thirty-six, forty-eight, and sixty months. The bill states that all the notes have been paid except these last three, and upon them some small payments only have been made. The bill further states " that said corporation (the defendant) undertook, in writing, on the back of said notes, to pay ten per cent interest on two of the same," as will appear from the notes, made exhibits. On the back of the note falling due thirty-six months after date is this indorsement : " The amount due on the within note ($1,180), eleven hundred and eighty dollars, is to bear interest from July 1, 1872, at the rate of ten per cent per annum, as per resolution of the board of the 23d of July, 1873," signed by W. A. Glenn, mayor, and James T. Bell, recorder. The indorsement on the back of the forty-eight months' note is in the same words, except that the amount to bear ten per cent interest is fixed at $1,240, and the interest is to run from July 1, 1873. The bill was taken for confessed against the defendant, and on October 30, 1874, a final decree was entered, reciting the facts, and stating " that the balance now due upon the said three notes, after adding in the interest, as agreed upon by the parties, amounts in the aggregate to the sum of $3,748.82, after allowing the credits indorsed on said notes." A judgment was thereupon rendered in favor of the complainant against the defendant for this sum, and it was ordered that, if the same were not paid in thirty days, the land should be sold in satisfaction thereof under the vendor's lien.

The motion now made, April 14, 1876, is by the complainant, to amend the decree of October 30, 1874, by making the amount then due upon the two notes at thirty-six

and forty-eight months carry interest at the rate of ten per cent per annum, under 1870, ch. 69, sec. 1 (T. & S. Rev., sec. 1944*a*).

The motion is based upon sections 2877 and 2878 of the Code, which are in these words:

" Section 2877. The Circuit, Chancery, and Supreme Courts may, at any time within twelve months after final judgment or decree, and while the cause is still in such courts, amend any clerical error, mistake in the calculation of inter-est, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge, to amend by.

" Section 2878. Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

These sections of the Code were taken from the act of 1856, ch. 70, sec. 2, with some modifications of language. That act came before the Supreme Court for construction in the case of *The State* v. *Disney*, 5 Sneed, 598. It was there said: " After a record is made up, and the term closed, it admits of no alteration by the same court, unless for some mistake patent upon the face of the record or proceedings in the case. And we suppose nothing more than this is really meant by the act of 1856, ch. 70, sec. 2." The actual ruling upon the facts then before the court has no bearing upon this motion. The act was again considered in *Elliott* v. *Cochran*, 1 Coldw. 389. There, a mistake of the clerk in recasting an account, under a decree of the court, in professed conformity with the decree, yet omitting by oversight to calculate interest on balances, and which was shown by the report itself, was amendable, both by the common law and by the statute. Judge Wright, in delivering the opinion, adds: " As to the errors in the *judgment of the court*, in point of law, existing in the decree upon which the report is based, or in unwarranted deductions of

fact — if any such there be — complained of by the defend-
ant's counsel, they, upon the principles already stated in this
opinion, are beyond our reach ; the law of the decree, as
well as its conclusions upon the testimony in the cause, con-
stitute the deliberate judgment of this court, in the case, and
cannot now be changed.   They do not stand upon the same
ground as the clerical errors, or omissions, of the clerk."

In *Russell* v. *Colyar*, 4 Heisk. 154, the same questions
were elaborately reconsidered, and, upon this occasion, in
view of the provisions of the Code, and the court drew a
broad line of distinction between the " mistake " which
was amendable, and an " error " in the conclusion of the
court.   " Mistake " and " error," they say, are not syn-
onymous.   Error in giving the judgment cannot be corrected
by the same court at a subsequent term.   It is only a mis-
take, that is, a slip, fault, or unintentional act, such as is
contemplated by the statute of jeofails, which was intended
to be embraced in these provisions.   The law contemplates
an amendment of a clerical oversight, not a revision of the
judgment.

The object of the present application is not to correct an
error of calculation, or a clerical mistake in entering the
judgment of the court.   It is either to change the judgment
as in itself erroneous, or to add to the judgment some-
thing which escaped the court altogether at the time.   But
the first ordinance of Lord Bacon expressly provides, " No
decree shall be reversed, altered, or explained,"   *   *   *
but upon bill of review."   And his second ordinance
really covers all that the subsequent decisions and our
statutes were intended to remedy :   " In case of miscasting
(being a matter demonstrative), a decree may be explained
and reconciled by an order without a bill of review ; not
understanding, by miscasting, any pretended misrating or
misvaluing, but only error in the auditing or numbering."
Beames's Ord. Ch. 1, 3.

The decree rendered in this case was, that the complain-

ant was entitled to a judgment for the balance of purchase-money as alleged in the bill, " after adding in the interest as agreed upon by the parties," and judgment was rendered accordingly. It must be taken, in the absence of any written opinion or memorandum of the judge to the contrary, that it was his deliberate opinion, upon the facts set out in the pleadings and decree, that the complainant was only entitled to a decree for the amount adjudged, and was not entitled to interest at the rate of ten per cent per annum upon any part of the judgment so rendered. Whether the chancellor was right or wrong in so holding is immaterial. The error was one of law, which can only be corrected by bill of review, or appeal to a higher court. It cannot be corrected at a subsequent term by motion.