JAMES E. BAILEY *v.* STATE OF TENNESSEE.

(*Knoxville,* September Term (May Session) 1954.)

Opinion filed June 10, 1955.

EARL E. LEMING and JAMES P. BROWN, both of Knox-ville, for petitioner Bailey.

NAT TIPTON, Assistant Attorney General, for respondent State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The judgment of the Criminal Court for Knox County rendered on November 14, 1949, in the case of *The State v. James E. Bailey,* Number 7547, recites that "the following jury, to-wit", then naming eleven men, find James E. Bailey, plaintiff-in-error here, guilty of housebreaking and larceny and of being an habitual criminal. This judgment accordingly sentences Bailey to the penitentiary "for the remainder of his natural life".

More than five years thereafter the Judge of that Criminal Court, he being the same Judge who pronounced the aforesaid 1949 judgment, caused an order, after required notice to Bailey, to be entered reciting that the 1949 judgment disclosed a "mistake apparent on the face of the record" in that "the minute clerk in making up the judgment of this case on November 14, 1949 failed to include the name of Z. L. Cox" "the twelfth juror" and

that this mistake "is hereby corrected by the Court under the authority of Section 8722 of the Code" so as to "include with the eleven names of the jurors there appearing the name of Z. L. Cox as the twelfth juror".

Bailey entered proper objections and preserved exceptions at all stages of the proceedings purporting to thus amend the 1949 judgment. His insistence was, and on appeal here is, that the amendment in question is not authorized by Code Section 8722. That code section is as follows:

"Mistake apparent in record.—Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court."

The determinative question is whether the alleged omission of the name of the alleged twelfth juror was a "mistake apparent on the face of the record" made in *State v. James E. Bailey,* Number 7547, Knox County Criminal Court. Otherwise, the Court had no authority to so amend the 1949 judgment entered in this case. *Gillespie* v. *Martin,* 172 Tenn. 28, 31-32, 109 S. W. (2d) 93.

The 1955 order purporting to correct the 1949 judgment recites that the original jury book kept by the clerk as provided and authorized by Sections 10093, 10046 and 10047 of the Code shows in the handwriting of the then clerk the names of the twelve jurors who served in this case of *State* v. *Bailey,* case No. 7547, and that the twelfth juror was Z. L. Cox, but that the minute clerk in writing up the 1949 judgment failed to include his name. It was by reason of the information thus revealed that the Court was of the opinion that he had the authority under Code Section 8722 to correct the 1949 judgment by inserting the name of this twelfth juror.

Code Section 10093 makes it the duty of the clerk of the Circuit and Criminal Court to deliver to the County Court Clerk at each term of the Court a certified list of the jury serving that term together with the number of days they have served. Code Section 10047 is to the same effect. Code Section 10046 requires jurors to prove under oath before the clerk certain expenses incurred in attending as jurors. So, the question here is whether the list of names kept by the clerk pursuant to these code sections can be regarded as a part "of the record" within the meaning of Code Section 8722 authorizing the Court to correct at any time a "mistake apparent on the face of the record".

Code Sections 8722 and 8721 were taken from Section 2 of Chapter 70 of the Acts of 1855-1856, as shown by the Code, and as noted in *Burns* v. *Mayor*, 3 Tenn. Chancery, 137, 139. Section 8721 authorizes the Court to correct a clerical error or omission in a record at any time "within twelve months after final judgment" "where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend". But in Code Section 8722—the controlling section in the case at bar—the Court is authorized to correct "every mistake apparent on the face of the record" at any time after the judgment is rendered. It will be noted, however, that in Section 8722 there does not appear the expression used in Section 8721, to-wit, "the papers in the cause, or entries of a presiding judge by which to amend".

The omission of the above quoted expression from Code Section 8722, after using it in the immediately preceding Code Section 8721, both sections being enacted at the same time, necessitates the conclusion, we think, that the legislature intended to exclude papers in the

cause or the entries made by the Trial Judge when it is purported to correct a mistake in a judgment at a time more than twelve months after the judgment was entered.

The omission of this expression from Section 8722 also makes it necessary to conclude, in our view of the matter, that the legislature did not intend for papers in the cause or the notes made by the presiding judge to be regarded as a part of the record to which alone the Court is authorized to look in correcting a mistake in a judgment entered more than twelve months before the purported correction is made.

Under that view of the matter most favorable to the State, the jury book to which the Court looked in making this correction cannot be regarded as anything more than a paper in this *State* v. *Bailey*, if it can be regarded as anything in that case. Hence, it seems necessary to conclude that the Court erred in looking to this jury book in purporting to correct this five years old judgment, because it is not a part of the record to which alone the Court may look in acting under Code Section 8722.

The same result is obtained when we ascertain what proceedings are embraced within the record of a given case. The rules of this Court recite that every transcript in a criminal case is composed of (1) the technical record and (2) the bill of exceptions. It defines the technical record as ''all the minute entries pertaining to the case, including the indictment''. In *Cobble* v. *International Agricultural Corporation*, 2 Tenn. App., 356, 358, the Court observes that: ''The record proper consists of the process, the pleadings, the entries on the minutes, including the judgment, all cost bonds and appeal bonds, and the bill of costs''. Practically the same definition is given by 2 American Jurisprudence, page

209, when it says that the record "consists of the pleadings, motions, demurrers, and judgment, matters that are of record in the trial court". This jury book to which the trial judge looked in making this correction does not come within any of these definitions as to what is considered a part of the record.

This Court is of the opinion, for the reasons stated, that the order of February 19, 1955, purporting to correct the aforesaid judgment of *State* v. *Bailey* entered on November 14, 1949, is a nullity. It will be so adjudged with the costs of this proceedings taxed against the State.