CHARLES C. MOORE, et al., Petitioners,

*v.*

J. T. BRANNAN et al., Respondents.

(*Knoxville,* September Term, 1960.)

Opinion filed October 7, 1960.

MOORE & MOORE, Chattanooga, for petitioners.

FRANK HICKERSON, PAT B. LYNCH, Winchester, FRANK DAVENPORT, McMinnville, for respondents.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

We granted certiorari in this case because a construction of T.C.A. sec. 27-201 is involved.

The original complainants and petitioners, Charles C. Moore, et al., were successful in an ejectment suit against the respondents as a result of litigation which is reflected by a case of the same style reported in 42 Tenn.App. 542, 304 S.W.2d 660. Upon a remand of the suit to the Chancery Court the Chancellor ordered a reference to the Master to ascertain the amount of timber which had been cut and appropriated from the involved lands by the defendants.

The Master filed his report on September 8, 1959, stating that defendants had cut 1,350,000 feet of lumber and fixed the value thereof at $12 per thousand feet. No exceptions were filed to the Master's report and the same was confirmed by the Chancellor and a final decree confirming said report and rendering a money judgment in the amount of $4,200 was entered on September 14, 1959. Thereafter it developed that complainants Moore in drawing the decree had figured the damages at $12 per thousand feet on 350,000 feet so that the correct amount that the decree should have carried was $16,200.

As a result of discovering this error on the face of the record, the complainants had the Chancellor enter an amended decree on October 12, 1959, so as to make the correct amount of the decree to be $16,200.

On November 9, 1959, the respondents-defendants filed a petition to rehear, the substance of which is reflected in the opening paragraph thereof, which reads as follows: "* * * respectfully moves the Court that the amended final decree entered in the cause on October 12, 1959, and also the decree purportedly amended thereby entered on September 14, 1959, be vacated, set aside and for nothing held, and that the reference heretofore entered in the cause be reopened and that the defendant be allowed a reasonable time to present proof therein upon the following grounds to-wit:".

Following that are 3 paragraphs in which it is explained why the defendants have not taken any proof. The motion ends with a paragraph praying for the same relief as set out in the first paragraph above quoted.

The Chancellor granted said motion and set aside the final decree of September 14 and the so-called amended

decree of October 12. There followed an appeal to the Court of Appeals. The errors assigned by the defendants-appellants in that Court were to the effect that the petition to rehear came too late because the term of the Chancery Court of Marion County had expired before the petition to rehear was filed, and secondly, because more than 30 days had expired from the entry of the final decree, as amended, before the petition was filed. As the case now stands in this Court, it is unnecessary to a disposition of the case, as we see the matter, to discuss the question of whether or not the term of Court had ended, nor to discuss a third assignment of error which is immaterial to a discussion of the question of whether or not the Court had authority under T.C.A. sec. 27-201 to set aside the original final decree of September 14, 1959.

T.C.A. sec. 27-201 provides:

"Motion for rehearing or new trial.—A rehearing or motion for new trial can only be applied for within thirty (30) days from the decree, verdict or judgment sought to be affected, subject, however, to the rules of court prescribing the length of time in which the application is to be made, but such rules in no case shall allow less than ten (10) days for such application. The expiration of a term of court during said period shall not shorten the time allowed."

This provision was construed as stated in the opinion of the Court of Appeals, in *Johnson v. Johnson,* 40 Tenn. App. 655, 292 S.W.2d 472, as follows:

"Furthermore, many of the authorities cited herein state the end of the term marked the end of the jurisdiction of the trial court for any purpose. At the time these authorities were prepared, such was the law; but

it has been changed by statutes which we shall incorporate in this opinion.

"As the law now stands, the ending of the term does not affect the right of the parties to file a motion for new trial or a petition to rehear, and the end of the term does not affect the control which the Court has over its decrees for a period of thirty days after the entry thereof."

The Court of Appeals held that the petition for a rehearing was filed within time because it was filed within 30 days of the amended decree of October 12, 1959. It construed that part of said Section 27-201 which reads as follows:

"A rehearing or motion for new trial can only be applied for within thirty (30) days *from the decree, verdict or judgment sought to be affected * * *"*,

to authorize the Chancellor to go back and set aside both the original and amended decrees. That Court stated that defendants had no quarrel about the decree for $4,-200 and were not seeking to "affect" that decree but that defendants were complaining of the situation which developed on October 12, 1959, when the amount of this decree was corrected to read $16,200, said Court stating that the above procedural statute should receive a liberal construction.

In so holding we think the Court of Appeals was in error. It is true that this statute has had the effect of changing the former rule as the same appears in the first paragraph of Section 615 of Gibson's Suits in Chancery 5th Edition. The rule formerly was that a judge or chancellor retained control of his judgment or decree for 30

days or until the end of the term, whichever might come first. The present rule as shown above, as the said statute is now construed, is that the Court retains control for 30 days regardless of the end of the term and may, therefore, of its own motion set aside the judgment or decree, or grant a rehearing or a new trial, as the case may be, upon application of a party.

That is not the determinative point, however, in this case. The so-called amended decree was simply a correction of error apparent on the face of the record. The Master stated the amount of lumber cut and the value per thousand feet but did not make the calculation. However, that is certain which may be made certain and when it was discovered that the complainants had miscalculated the figures appearing in the Master's report, it was within the power of the Chancellor under T.C.A. sec. 20-1513 to correct this error at any time even 5, 6 or 7 years hence. Regardless of whether proper notice was given to the defendants of this correction of error apparent on the face of the record, that is all that the so-called amended decree amounts to.

However, the rule stated in Gibson's in Section 615, supra, in the second paragraph thereof, is correct and is as follows:

"After the expiration of said period, however, a decree cannot be in any way changed, except in the manner and to the extent provided by the statute. The Chancellor may, at any time within twelve months after final decree, and while the cause is still in Court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the decree, where there

is sufficient matter apparent on the record, the papers in the cause, or entries by the presiding Chancellor, to amend by." (This applies to T.C.A. sec. 20-1512.) "Every mistake, apparent on the face of the record, may be corrected by the Court at any time after final judgment, at the discretion of the Court."

Under Note 60 to sec. 20-1512, which is likewise applicable to sec. 20-1513, it is stated with ample citation of authority as follows:

"What is here meant by the cause being still in Court is that it has not been removed to an appellate court of the State by appeal, or writ of error, or to a United States Court in pursuance of some federal statute. Clerical errors in judgments and decrees apparent on the face of the record may be corrected at a subsequent term, but errors in legal construction and opinion or in conclusions of fact can not be so corrected."

Cited in support of this last sentence immediately above quoted is *College Coal Mining Co. et al. v. Smith,* 160 Tenn. 93, 21 S.W.2d 1038. That case cites some of the many authorities cited in Gibson.

The amendment of the final decree by correction of same for error apparent necessarily related back to September 14 and became a part of said final decree as of that date. This is in accord with the general rule of amendments, such as for example, an amendment to a declaration that does not set up a new cause of action. Moreover, if this were not true, a final decree corrected years later for error apparent would be vulnerable to being reopened or changed in any way the judge or chancellor might see fit.

We are, therefore, of opinion and so hold that the Chancellor was without authority on November 9, 1959, to set aside the final decree which was entered on September 14, 1959, even though he had ample authority to make the correction for error apparent on the face of the record; and was without authority to reopen the decree for proof.

Accordingly, we reverse both courts below and a decree will be entered in this Court for $16,200 in favor of the original complainants against the defendants with costs.