**Marian Helen Culp Lee JONES, Appellee,**

v.

**Bermon Caldwell JONES, Appellant.**

Court of Appeals of Tennessee,
Western Section.

March 20, 1972.

Certiorari Denied by Supreme Court
Nov. 20, 1972.

Louis F. Allen, Memphis, for appellant.

Albert C. Harvey, Memphis, for appellee.

NEARN, Judge.

This is an appeal from the order of the Trial Judge denying appellant's Petition to Correct Mistake or Omission in Final Decree or to Amend or Modify Final Decree. The appellant is the defendant husband in the original action for divorce.

The failure of the Trial Judge to correct or modify the Final Decree is the error assigned.

The real question presented on appeal is whether or not the Trial Judge had the authority under T.C.A. §§ 20–1512 or 20–1513 to amend or alter the Final Decree under the facts as presented by the Technical Record, which is the only record before us.

The record reveals that on January 12, 1970, a Final Decree of Divorce was entered in this cause awarding a divorce to the appellee, Marian Helen Culp Lee Jones. Provisions were made in the Final Decree for certain real property to be sold, for certain indebtednesses to be paid by defendant, and for alimony in futuro and child support payments to be made by Mr. Jones to Mrs. Jones. On June 15, 1970, a "Consent Order Modifying Final Decree of Divorce" was entered. The consent order of June

15, 1970, provided, *inter alia,* that certain real property previously ordered sold by the Court would be divided in kind by consent and agreement and that alimony in futuro payments would cease, but child support payments would continue. On March 3, 1971, the "Petition to Correct Mistake or Omission in Final Decree or to Amend or Modify Final Decree" was filed.

It was alleged in the petition that at the trial of the cause petitioner, petitioner's attorney, complainant, complainant's attorney, and the Court were all of the mind that a certain note and mortgage held by the petitioner [1] were in the petitioner's name only and his sole property. That no mention of the note and mortgage was made in the Final Decree as all were under the impression that the note and mortgage were solely in petitioner's name. Further, that the Court's award of alimony and child support payments were predicated on the assumption that the petitioner would have the full income from the note to meet his obligations. The petition further alleged that it is now discovered that the note in question is not in petitioner's name only, but also includes the name of his former wife and that she is now claiming one-half of the monthly note income.

The petition prayed that the Final Decree be amended, corrected or modified to divest out of the complainant and vest in the petitioner any right that complainant might have in the note and mortgage.

By response to the petition, Mrs. Jones attacked the jurisdiction of the Court to grant the relief sought because (a) there is no mistake or omission in the Decree for which there is sufficient matter apparent on the record, the papers in the cause, or entries of the Presiding Judge, and (b) there is not jurisdiction to amend or modify the Final Decree since the time for such amendments has expired and the Decree is

final in all respects sought to be changed by the petition. The response denied the impressions and beliefs of the parties as alleged in the petition and demanded strict proof thereof if pertinent.

In the order denying the petition the Court found as follows:

" * * * That prior to this case coming on for trial petitioner filed in this cause on January 5, 1970, a sworn Affidavit containing his financial statement or financial status. That at the trial of this cause the petitioner, Bermon Caldwell Jones, the petitioner's attorney and the complainant's attorney, were all under the mistaken impression that when the petitioner sold his property, the Southerner Motor Lodge in Anderson County, South Carolina, to Doyle L. Minor, on April 2, 1965, he received as part of the purchase price a promissory note and second mortgage in his name only.

That the Court in adjusting the property and the equities of the parties by divesting certain properties out of the petitioner and vesting same in the petitioner's ex-wife, complainant Marian Helen Culp Lee Jones, took into consideration all of the assets of the petitioner and petitioner's wife listed in said financial statement.

That petitioner, Bermon Caldwell Jones, exclusively had been receiving the payment on said Note from April 2, 1965, through December of 1970, at which time petitioner was informed by complainant that her name appeared along with his on the said Note and Trust Deed and requested that the payments on said Note be allotted as one-half to her and one-half to petitioner.

That the Court was under the impression that the said Note and Trust Deed were in the petitioner, Bermon Caldwell

---

1. In 1965, petitioner sold his property known as Southerner Motor Lodge, located in Anderson County, South Carolina, and received as part of the purchase price the promissory note and second mortgage which is the subject of this controversy.

Jones' name only, at the trial of this cause, and took this fact into consideration in adjusting the assets of the petitioner. That the Court intended for petioner, Bermon Caldwell Jones, to retain the ownership in the Note and Second Mortgage on the Southerner Motor Lodge in Anderson County, South Carolina.

That the Court is of the opinion that it does not have jurisdiction to grant the relief requested by petitioner under Tennessee Code Annotated Sections 20–1512 and 20–1513. The Court relies on Moore v. [Brannan], 207 Tenn. 478, 341 S.W.2d 382 (1960) and Braden v. Clark, 203 Tenn. 265, 310 S.W.2d 462 (1958)."

The Court then decreed that one-half of the note income which had accumulated pending the hearing of the petition and then being held by Court-appointed Trustee be paid over to Mrs. Jones, and that monthly child support which had accumulated pending the hearing be deducted from Mr. Jones' share of the fund held by the Trustee and paid to Mrs. Jones.

Counsel for both the appellant and the appellee rely upon T.C.A. Sections 20–1512 and 20–1513. It is the position of the appellant that the Trial Judge is authorized to grant the relief sought in the petition under the authority of these sections of our Code. Counsel for appellee has adopted the view of the Trial Judge, that is, no such authority is granted. The Code sections are as follows:

"20–1512. *Correction of judgment.*— Any court of record may, at any time within twelve (12) months after final judgment or decree, and while the cause is still in such court, amend any clerical error, mistake in the calculation of interest, or other mistake or omission in the judgment or decree, where there is sufficient matter apparent on the record, the papers in the cause, or entries of a presiding judge by which to amend.

20–1513. *Mistake apparent in record.*— Every mistake apparent on the face of the record may be corrected by the court at any term after final judgment, at the discretion of the court, and if it appears to the appellate court to which said record has been certified on appeal that a mistake has apparently been made in the transcribing of said record, the appellate court may remand the record to the clerk below for correction of the mistake."

We hold that the Trial Judge is not authorized by the aforementioned Code sections to grant the relief sought in the petition. This must be so for there is no error evident on the face of the record or, for that matter, error in "the papers in the cause, or entries of a presiding judge". Error sought to be corrected pursuant to T.C.A. § 20–1513 must be found in the Technical Record, that is, process, pleadings, minute entries, judgments and bonds. Bailey v. State (1955) 198 Tenn. 354, 280 S.W.2d 806. Whether proceeding under T.C.A. §§ 20–1512 or 20–1513, it is only the clerical type errors that can be corrected. Moore v. Brannan (1960) 207 Tenn. 478, 341 S.W.2d 382.

Independent of the allegations of the petition, the Technical Record and the Trial Judge's trial notes existent prior to the filing of the petition could be carefully examined until doomsday and no apparent error therein could be found. Counsel for appellant strongly relies upon the sworn statement of assets filed by Mr. Jones in the original divorce proceedings. It lists the note in question but makes no distinction as to how it is held, that is, solely or jointly with Mrs. Jones. Nothing else present, how can this be said to be error apparent on the face of the record? The error alleged could not and did not become apparent until proof was adduced on the petition filed. If outside proof is necessary to show the error, such error cannot be said to be apparent on the face of the record, or in any of the papers in the cause.

We have held that the Trial Judge cannot consider the petition under the authority granted him by T.C.A. §§ 20–1512 or 20–1513. But, it does not necessarily follow that the Trial Judge could not consider the petition under other authority granted him. We note that the petition does not specifically pray for relief pursuant to the aforementioned Code sections. In fact, the petition does not mention them.

■ The original proceeding is one of divorce. As such, it and all subsequent proceedings thereunder are inherently equitable in nature. Even though the matter is tried in the Circuit Court, it is yet a Chancery matter. In hearing matters of this nature, the Circuit Judge is clothed with all the powers of a Chancellor and the matter is tried as a Chancery matter and governed by the rules of the Equity Court. Broch v. Broch (1932) 164 Tenn. 219, 47 S.W.2d 84; Kizer v. Bellar (1951) 192 Tenn. 540, 241 S.W.2d 561. In the Twelve Tables of Equity, which are found in all editions of Gibson's Suits in Chancery, there is found the maxim "Equity looks to intent rather than to the form", which is based upon the principle that forms are made for justice and not justice made for forms. With this equity maxim in mind, we have examined the content of the petition to ascertain its intent.

■ It is our opinion that no matter what the petition is styled, it shows an intent to seek relief under the theory of a Bill of Review, which is a procedure peculiar to the Equity Court. Such review must be filed in the same Court where the original litigation was had. Anderson v. Bank (1858) 37 Tenn. 661, 5 Sneed 661. Bills of review may be had upon new proof that has come to light after the decree was made. Gibson's Suits in Chancery, Fifth Edition, Sections 1301–1311. Even after the lapse of thirty days and until three years have lapsed from the day of the decree, the decree may be revised on a proper showing by Bill of Review. T.C.A. § 27–203; Ellis v. Ellis (1963) 212 Tenn. 116, 368 S.W.2d 292.

■ It is evident from the Trial Judge's findings that had the true facts been known as they existed at the time the decision was entered, they would have produced a different determination. Therefore, the judgment of the Court below is reversed and the cause remanded to that Court with instructions to consider the Petition to Correct Mistake or Omission in Final Decree or to Amend or Modify Final Decree as a Bill of Review and, in his discretion, to render such judgment thereon as justice may dictate.

Cost of this appeal is adjudged against appellant and the surety on his bond.

CARNEY, P. J., and MATHERNE, J., concur.