**Johnnie Lee PENNINGTON,**
**Plaintiff-Appellee,**

v.

**Spencer Douglas PENNINGTON,**
**Defendant-Appellant.**

Court of Appeals of Tennessee,
Western Section.

April 17, 1979.

Permission to Appeal Denied by Supreme Court Sept. 4, 1979.

Barbara B. Wade, Memphis, for defendant-appellant.

James D. Causey, Memphis, for plaintiff-appellee.

SUMMERS, Judge.

Johnnie Lee Pennington, the plaintiff-appellee, sued Spencer Douglas Pennington, the defendant-appellant, for divorce on grounds of cruel and inhuman treatment. The original complaint was filed on March 19, 1976. The plaintiff in her prayer for relief asked that the defendant be divested of any and all right, title and interest which he might have in the real estate held as tenants by the entirety and that the court make a proper distribution of the real and personal property of the parties. She further prayed for such other and further relief, both general and special, to which she was entitled.

The defendant did not answer, and the plaintiff took a default judgment against him. On July 15, 1976, a decree of absolute divorce was signed and entered in the cause, which final decree contained the following:

That defendant, Spencer Douglas Pennington, be divested of any and all right, title and interest which he may have in

the real estate located at 3429 Shiloh Drive, Memphis, Shelby County, Tennessee, more particularly described as follows.

Lot 72, Ridgecrest Subdivision, Fourth Edition, as recorded in Plat Book 19, Page 46 of the Register's Office of Shelby County, Tennessee.

On January 23, 1978, Johnnie Lee Pennington filed a Petition for Scire Facias against the defendant, charging that he was in arrears in his payment of alimony and child support as ordered by the divorce decree. The defendant filed an answer to this petition, and, *inter alia*, stated that the plaintiff after the divorce had cohabited with him for a period of six months, this period of time being a portion of the time for which the plaintiff was demanding payment of alimony and child support.

On the 26th of July, 1978 Honorable William W. O'Hearn, the same judge that entered the original decree of divorce, entered an Order on Petition for Scire Facias which stated that the reinvesting clause in the final decree of divorce has been omitted by clerical error and he was correcting the error on the court's own motion under Rule 60. The order of July 26, 1978 further stated:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

.    .    .    .    .

4. That the final decree of Divorce be and is corrected to read:
"That Defendant, Spencer Douglass Pennington, be divested of any right, title and interest which he may have in the real estate located at 3429 Shiloh Drive, Memphis, Shelby County, Tennessee, more particularly described as follows:
Lot 72, Ridgecrest Subdivision, Fourth Edition, as recorded in Plat Book 19, Page 46, of the Register's Office of Shelby County, Tennessee and further that all the Defendant's divested rights, titles and interest in the above described property be REINVESTED in Johnnie Lee Pennington."

The defendant appealed and assigned six errors, all in regard to the order entered on July 26, 1978, by the trial judge. The defendant questioned the jurisdiction of the court, its right to correct an error pursuant to Rule 60 and the court's finding in regard to the real property and alleged that the final decree of divorce was a nullity insofar as the title to the real estate was concerned.

Basically, there are two questions before this court: whether the prayer in the original complaint was broad enough to allow the trial judge to adjust and adjudicate the respective rights and interests of the parties in the jointly-owned property and whether the trial judge had authority to correct an error in his original decree pursuant to Rule 60 to Tennessee Rules of Civil Procedure.

■ In the original complaint for divorce, the plaintiff prayed "That the Court decide a proper distribution of the real and personal property of the parties." T.C.A. 36–825 gives the trial court this authority. We hold that the prayer of the plaintiff was sufficient to ask for this adjudication. Judge Parrott in *Evans v. Evans*, Tenn. App., 558 S.W.2d 851 (1977), so said:

T.C.A. § 36–825 gives the court wide discretion to adjust and adjudicate the respective rights and interests of the parties in all jointly-owned property. In the case of *Kittrell v. Kittrell*, 56 Tenn.App. 584, 409 S.W.2d 179, the court said the statute should be "broadly construed and liberally applied to accomplish its objective."

Therefore, we hold that it was proper for the trial judge to have adjusted the ownership of the real and personal property of the parties.

The second issue before this court is whether or not the trial judge properly reinvested the jointly-owned property in the plaintiff some two years after the divestiture in the original decree for divorce.

Rules 60.01 and 60.02 of the T.R.C.P. became effective on January 1, 1971, and provided for relief from judgments or orders of

**578**

the court. When the above-stated rule was promulgated, the committee commented:

> This rule supersedes the provisions of T.C.A. §§ 20–1508, 20–1512 and 20–1513, although it is generally consistent with the purpose of those statutes. The provisions of the Rule are somewhat more flexible than the statutory procedures.

In 1972 the Tennessee General Assembly repealed T.C.A. §§ 20–1508, 20–1512 and 20–1513, Acts 1972 (Adj. S.), Chapter 565, § 1, leaving the courts to rely on Rule 60 of the T.R.C.P. to correct mistakes, oversights and omissions in judgments and records. However, the General Assembly in 1978 re-enacted T.C.A. §§ 20–1512 and 20–1513 with few changes, one being that the time element in T.C.A. § 20–1512 was reduced from twelve to six months and provided that any amendment must be done in the presence of the court.

In *Jones v. Jones*, 486 S.W.2d 927 (1972), Judge Nearn, writing for the court, held that §§ 20–1512 and 20–1513 applied only to clerical errors and on page 930 stated:

> . . . Error sought to be corrected pursuant to T.C.A. § 20–1513 must be found in the Technical Record, that is, process, pleadings, minute entries, judgments and bonds. *Bailey v. State* (1955) 198 Tenn 354, 280 S.W.2d 806. Whether proceeding under T.C.A. §§ 20–1512 or 20–1513, *it is only the clerical type errors that can be corrected. Moore v. Brannan* (1960) 207 Tenn. 478, 341 S.W.2d 382. (emphasis added)

In the case at bar, the error contained in the final judgment for divorce arose from oversight or omission. Therefore, we must rely on 60.01 of the T.R.C.P. In the case of *Jerkins v. McKinney,* Tenn., 533 S.W.2d 275 (1976), at page 280 the court stated:

> We do not here deal with Rule 60.01, since this rule is designed to afford relief in those character of cases wherein the judgment or order, either standing alone, or when viewed in connection with other portions of the record, shows facially that it contains errors arising from oversight or omission.

 In the instant case there was surely an oversight or omission in that the trial court divested the defendant of his interest in the real estate and did not reinvest it in anyone. Pursuant to T.C.A. 36–825 it was within the discretion of the trial judge to adjust and adjudicate the respective rights and interest of the parties in their jointly owned property. Under Rule 60.01, T.R.C.P., the court has the authority to correct an error of oversight or omission at any time on its own initiative or own motion. This the court correctly did.

Therefore, all assignments of error of the defendant are overruled, and the judgment of the trial court is affirmed.

The costs of this cause will be taxed against the defendant.

MATHERNE and LEWIS, JJ., concur.