# IN THE COURT OF APPEALS OF TENNESSEE

## AT JACKSON

FILED

September 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

_____

| | | |
|---|---|---|
| PHILIP RENE JULIAN, | ) | |
| | ) | |
| Appellant, | ) Shelby Circuit No. 151927-1 | |
| | ) | |
| v. | ) Appeal 02A01-9709-CV-00229 | |
| | ) | |
| BEVERLY ANN JULIAN, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE

THE HONORABLE JOHN R. McCARROLL, JR., JUDGE

For the Appellant:                              For the Appellee:

Stuart Brian Breakstone                   James D. Pugh,
Memphis, Tennessee                        Memphis, Tennessee

**AFFIRMED AS MODIFIED**

HERSCHEL P. FRANKS, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS,  J.

## OPINION

In this divorce action, the husband has appealed, raising issues about the value and division of the marital property, as well as an award of attorney's fees to the wife.

The husband first argues that the valuations by the Trial Judge are in error, and that the division of the marital estate is inequitable. It is clear from the Trial Judge's comments and orders that he intended to divide the marital estate two-thirds to the wife and one-third to the husband, and according to the Trial Judge's valuations, the wife was awarded $102,417.88, and the husband $51,208.93. The equity in the house, determined by the Court to be $23,174.33 was awarded to the wife. Evidence on the value of the equity differs. However, the Trial Judge assessed the credibility of the witnesses, and the evidence does not preponderate against the valuation established by the Trial Judge. T.R.A.P. Rule 13(d). The value of the wife's retirement savings with her employer was established at $81,789.00, with $1,294.05 treated as separate property. The wife began contributing to this plan before the parties' marriage, and the evidence does not preponderate against the Trial Judge's determination. T.R.A.P. Rule 13(d). The evidence showed that the wife had a profit sharing plan with her employer, with a total value of $20,403.00. The Court found $6,491.00 to be separate property. However, the evidence indicates the plan was established during the marriage. We conclude that the total amount in the profit sharing plan at the time of the divorce was marital property.

The Court allocated $21,947.40 to the husband, which the Court described as American Courier Income. The record shows the parties formed that

2

company in order for the husband to have a permanent job, and while the wife had worked for that company, as well as the husband, she testified that over the years she had only drawn $900.00 out of the company. She further testified that the company had been created out of her funds by selling Federal Express stock, and that she had invested a total of $12,000.00 in the company. The record further shows that the company's assets or accounts had been sold or transferred. Under the circumstances, we find no basis to disturb the Trial Judge's allocation and evaluation of American Courier. However, since the stock was not mentioned by the Trial Judge, we believe it appropriate to vest all of the stock owned by the parties in the husband.

Tennessee Code Annotated §36-4-121 gives a trial court wide discretion to adjust and adjudicate the rights and interests of the parties in all jointly-owned property. *Pennington v. Pennington*, 592 S.W.2d 576 (Tenn. App. 1979). The test for the propriety of the division is whether the division is equitable, not equal. *Ward v. Ward,* 937 S.W.2d 931 (Tenn. App. 1996).

We find the division made by the Trial Judge is equitable under the facts of this case. The wife owned a home when the parties married. According to her testimony, the husband brought into the marriage an old rusted-out Datsun automobile. She was gainfully employed at the time of the marriage and has continued in that employment, and in an effort to find employment for the husband, sold stocks from her stock sharing plan with her employer to create a business for him. Subsequently, she sold her home and put $18,000.00 of the $21,000.00 equity realized from its sale as a downpayment for the present home, which she purchased in her name. However, in 1993 the home was refinanced, at which time the husband's name was placed on the title. The other sizeable item in the marital estate, other than the house, was the wife's retirement plan with her employer, which was generated through her efforts and employment.

3

The action of the Trial Judge in reducing the marital interest in the Federal Express profit sharing plan, as noted, is against the preponderance of the evidence. Accordingly, the amount of $6,491.00 designated as separate property, will be included as marital property, and divided in accordance with the allocation ordered by the Trial Judge. In reaching his allocation, the Trial Judge ordered the wife to pay the husband $19,888.40. Following the same formula as to the amount added to the marital property, the husband is entitled to be paid an additional $2,163.77, or one-third of the value of the Federal Express profit sharing plan which was not included as marital property, for a total to be paid by the wife to the husband in cash in the amount of $22,042.17. The Trial Court's judgment in dividing the marital property is affirmed, as modified.

Finally, the husband contends the Trial Court erred in requiring the husband to pay the wife a portion of her attorney's fees. It is noted that a hotly contested issue in the Trial Court was the custody of the parties' child, and a substantial amount of the wife's legal expenses were incurred on this account. The record establishes that the wife had incurred attorney's fees and expenses in an amount exceeding $12,000.00, and it further appears that she does not have the necessary liquid assets to defray all of her legal expenses.

Courts in this State have long followed the policy of upholding the award of attorney's fees by the Trial Court, unless the award results in an "injustice". In *Connors v. Connors*, 594 S.W.2d 672 (Tenn. 1980), the Supreme Court said:

> We adhere to the long established rule of *Holston National Bank v. Wood,* 125 Tenn. 6, 140 S.W.31 (1911), that this Court will not interfere with the allowance of attorney's fees by the trial court unless we can see that some injustice has been perpetrated. . . .

We find no basis to disturb the Trial Court's award of a portion of the wife's attorney's fees against the husband. *See* T.C.A. §36-5-103(c).

4

We affirm the judgment of the Trial Court, as modified, and remand for entry of judgment with the cost of appeal adjudged two-thirds against the appellant, and one-third against the appellee.

_____

                                        _____

                                        Herschel P. Franks, J.

CONCUR:

_____
W. Frank Crawford, P.J.

_____
Alan E. Highers, J.